## Skinner *v.* Smith.

### In the Court below,

ELIJAH SMITH, *Petitioner;* ROSWELL SKINNER, CALVIN OWEN, JERUSHA OWEN, SAMUEL OWEN, AZARIAH PHELPS, APOLLOS BATES, and ERASTUS BATES, *Respondents.*

Fifteen years possession, where no statute disabilities, or special circumstances equivalent thereto, exist, will bar an equity of redemption.

THIS was a petition in chancery to redeem certain mortgaged lands, brought to the Superior Court, in April, 1799.

The petition stated, that on the 20th of August, 1766, the petitioner was indebted to *Elnathan Smith*, in the sum of 29*l.* and mortgaged to him a tract of land containing about sixty acres, as security for the payment of that sum, within three years ; that the petitioner remained in possession till March, 1767, and then leased the premises to *Samuel Owen* and *Seth Owen*, who immediately took possession ; that on the 20th of October, 1767, *Elnathan Smith* conveyed forty five acres of said land to *Seth Owen*, and fifteen acres to *Samuel Owen*, they being in possession under the petitioner, and having knowledge of all the facts ; that *Seth* continued in possession of the forty five acres, several years, and died leaving two children, *Calvin* and *Jerusha*, who were in possession, at the date of the petition, by their guardian, *Roswell Skinner ;* that *Samuel Owen*, also, held the part which he purchased, several years, and then conveyed the same to *Azariah Phelps*, who took possession of the same, and afterwards conveyed the same to *Apollos* and *Erastus Bates*, who were in possession, when the petition was brought.

The petition also stated, that the petitioner, from October, 1768, when he was attacked with the rheumatism, to the date of the petition, was poor, and infirm, and a cripple ; that before the law day expired, by the assistance of his friends, he paid *Elnathan Smith*, the mortgagee, 26*l.* to be applied on the mortgage ; and before the date of the petition, he tendered to the respective persons interested in the mortgaged estate $ 52 50, being the full amount of principal and interest then due ; that *Seth Owen* and *Samuel Owen* had been repeatedly applied to, within fifteen years anterior to the date of the petition, in behalf of the petitioner, to suffer him to redeem said estate, but they had ever refused their assent thereto ; and that the rents and profits of the land had amounted to more than 6*l.* annually, which the several occupants had received, but no account thereof had ever been rendered.

The petitioner, therefore, prayed for an account of the rents and profits, and for liberty to redeem.

But, before the Court, he waived, in writing, all right to an account for the rents and profits, and consented to pay the balance due of the mortgage money.

To this petition the respondents made their plea, alleging, that on the 20th of October, 1769, *Samuel Owen* entered upon and took possession of part of the mortgaged premises, and *Seth Owen* of the residue ; that *Samuel* continued in possession of his part till the 13th of March, 1776, and then conveyed the same to *Seth ;* that *Seth* continued in possession of the residue, till that time, and afterwards, of the whole, till his death, in 1795 ; that the premises then descended to his children, *Calvin* and *Jerusha*, who immediately entered upon the same,

and continued in possession thereof till the date of the petition; that the several possessors, while thus in possession, took the whole issues and profits to themselves, and held out all others, and that of these facts the petitioner had notice; that the petitioner did not, within fifteen years after said *Samuel* and *Seth* took possession of the premises, make his entry upon the same, nor sue out his right, title, or claim thereto; that he was, during all the time aforesaid, of full age, and *compos mentis*, not imprisoned, nor beyond seas; and that, therefore, the petitioner was barred of his claim to redeem.

To this plea there was a demurrer, and joinder in demurrer. The Court adjudged the plea insufficient, and decreed, in favour of the petitioner, that he should have liberty to redeem the mortgaged premises, upon payment of $50. It appeared, that the lands were worth $600.

*Perkins*, (of Hartford) and *Terry*, for the plaintiffs in error, took sundry exceptions to the judgment of the Superior Court, but that on which they principally insisted, was, That the estate having been mortgaged more than thirty years from the date of the petition, and having been in the exclusive possession of the mortgagee, and those who held under him, the equity of redemption is barred, in analogy to our statute of fifteen years possession.

They insisted, that unless there be insanity, imprisonment, infancy, absence beyond sea, coverture, fraud, receipt of principal or interest, bringing a bill to foreclose, submitting to answer as mortgagee, or some act, by which the estate is treated as mortgaged property, the claim to redeem is barred. In support of this doc-

trine, they cited 1 *Pow. Mort.* 148. *White* v. *Ewen,* (a) *Aggas* v. *Pickerell,* (b) *Jenner* v. *Tracy,* (c) *Crittendon* v. *Brainerd,* (d) and *Sheldon* v. *Bird.* (e)

*Goodrich,* (of Hartford) for the defendant in error, argued, that as the mortgagor leased the property to the purchasers, it was unfair for them to take a conveyance from the mortgagee, and afforded an equitable ground to exempt the case from limitation ; that the infirmity of the petitioner was of that peculiar kind, which was equal to imprisonment, or being beyond sea ; that the disproportion between the value of the property, and the money due on the mortgage, was such as to form a ground for relief ; that an account is here waived, and of course, none of the difficulties occur, which attend stale mortgages ; that the purchasers were acquainted with all the facts aforesaid, and the respondents acknowledged the property in question to be mortgaged property, though they denied the right to redeem.

The judgment of the Superior Court was reversed, AUSTIN and SMITH, *Asts.* dissenting.

BY THE COURT. Although it cannot be admitted as a rule, that a mortgagor shall have fifteen years to redeem, for that special circumstances may limit his equity to a shorter period ; yet it may be adopted as a rule, that the mortgagee being in possession, a mortgagor shall not have *more* than fifteen years to redeem, after his equitable right has accrued, unless the delay shall be accounted for, by statute disabilities, or other special cir-

(a) 2 *Vent.* 340.　　　　　　　(b) 3 *Atk.* 225.
(c) 3 *P. Wms.* 287.　　　　　　(d) 2 *Root* 483.
(e) 2 *Root* 509.

cumstances, that may be considered equivalent. For, a mortgagee, who has paid a valuable consideration, and acquired a possession by law, should not be in a worse condition than a disseizor. In this case, no such disabilities, or special circumstances, exist ; and the mortgagee, and those holding under him, have had the possession a much longer period than fifteen years.