*Margin note:* NEW-YORK, Nov. 1810. WATERMAN v. HASKIN.

———※ ⊕ ※———

## WATERMAN *against* HASKIN.

THIS was an action of *assumpsit*. The plaintiff declared on a promissory note made by the defendant, the 1st *October*, 1809, for the sum of 2,483 dollars and 20 cents, payable 60 days after date.

The defendant pleaded, 1. *Non assumpsit;* 2. *Usury,* stating the act; and averred, that at the date of the note the defendant was indebted to the plaintiff in the sum of 2,410 dollars and 88 cents; and it was then corruptly

*Margin note:* To a plea of the statute of *usury*, the plaintiff may reply directly, that it was not corruptly a-greed, in manner and form, &c. without a traverse, and conclude to the country.

agreed between the plaintiff and defendant, that the defendant should pay to the plaintiff 72 dollars and 32 cents for interest, for forbearance of the 2,410 dollars and 88 cents, for sixty days from the 1st *October*, and that, to secure the payment of the 2,410 dollars and 88 cents, and the 72 dollars and 32 cents, the defendant should give his note, &c. and that, in pursuance of such corrupt agreement, the defendant gave the note aforesaid, which the plaintiff accepted; and that the sum of 72 dollars and 32 cents exceeds the lawful interest, whereby the said note is void, &c.

The plaintiff *replied*, that it was not corruptly, and contrary to the intent of the act aforesaid, agreed by and between the plaintiff and defendant, in manner and form as the defendant in his plea alleged, and this he prays may be inquired, &c.

To this replication there was a special demurrer, 1. Because the replication doth not traverse the most material fact in the plea, but takes issue on an immaterial fact; 2. Because the replication traverses a fact which, of itself alone, is immaterial, &c.

Joinder in demurrer.

*Champlin*, in support of the demurrer, cited 2 *Chitty on Pleadings*, 616. 1 *Lilly's Entries*, 183. *Rich. K. B. Prac.* 148.

*Johnson*, contra, cited *Lilly's Entries*, 184. 2 *Rich. K. B. Prac.* 21, 22. 3 *Morgan's Vade Mecum*, 174. 2 *Str.* 871.

*Per Curiam.* The replication is in conformity with several precedents in books of some authority. (See 2 *Rich. C. B.* 22. and *Morgan's Precedents*, 174.) It is also agreeable to the doctrine in adjudged cases. In *Baynham* v. *Matthews*, (2 *Str.* 871.) the court say, that the common form of replying to a plea of the statute

of usury is *non corrupte agreatum fuit, modo et forma,* without a traverse, and with a conclusion to the country. This is precisely the replication in the present case. And in *Fen* v. *Alston,* cited by Mr. Justice *Denison* in 1 *Burr.* 320, it was held, that the plaintiff had liberty either to reply that the bond was given upon another account, and to traverse the corrupt agreement, with an *absque hoc,* or to deny the corrupt agreement directly, and conclude to the country.

The replication, therefore, being good, there must be judgment for the plaintiff.

Judgment for the plaintiff.

