Whitney *v.* French et al.

GEORGE H. WHITNEY *v.* ANDREW T. FRENCH & S. OWEN.

*Mortgage.   Presumption of payment, &c.*

Where the deed was absolute upon its face, and a condition was written upon the back, that if the grantor paid a certain note described in said condition, &c., then said deed should become void, &c., this condition being of even date with the deed, but not signed; *it was held*, that this condition formed part of the deed, and that the deed, must be regarded as a mortgage deed.

The interest of the mortgagee is but a chattel interest, and when it is all along, in a condition to be pursued by some one, the operation of the presumption of payment, is not interrupted by the succession of rights.

The presumption of the payment of a mortgage, becomes *absolute* after the lapse of fifteen years, if there is no entry, or payment of interest; and being a presumption of law, it is in itself conclusive, unless encountered by distinct proof.

In this State, an entry upon land by a stranger, under claim of right, is held to be an actual eviction of the owner, of which he is bound to take notice, at the per il of losing his estate, after the lapse of fifteen years.

EJECTMENT brought to recover the seizen and possession of the second division lot, drawn to the original right of Martin Elmore, in the town of Elmore and county of Lamoille.

Plea, general issue, and trial by jury.

On trial, the plaintiff offered in evidence a deed, from Stephen Patchin to Zadock Whitney of said lot, dated April 9, 1807, and acknowledged April 16, 1807, upon the back of which deed, is a certain condition, or writing of defeasance, of which the following is a true copy :

" The conditions of the within and foregoing deed are such, that " whereas the within named Stephen Patchin, hath the day and " year before written, executed a certain promissory note unto the " before and within named Zadock Whitney, (viz.) to pay him two " hundred dollars, on the first day of February, A. D., 1811, and " to be on interest after three years from the foregoing date. Now " if the said Stephen Patchin, his heirs, executors or administra- " tors, shall well and truly pay or cause to be paid, the before men- " tioned note agreeable to the tenor thereof, then the within and " foregoing deed, to be void and of no effect, otherwise to be of " full force and virtue.

Dated April 9, A. D., 1807.

The counsel for the plaintiff contended, that upon the face of the deed, the same was to be regarded, as an absolute deed, and that the condition upon the back, not being signed nor referred to in the deed, did not make the deed a mortgage, without other proof, than the mere appearance of the deed; but the court decided, that the writing on the back of said deed, was to be regarded as a part of the deed, and made the deed a mortgage.

The plaintiff then read in evidence the note mentioned in the condition on the back of said deed. The plaintiff also proved, that Zadock Whitney immediately after the giving of said deed and note, and in the year 1807, removed from the State of Vermont, to the State of New York, and resided there until his death, in 1813. That his widow about the year 1815, married one David Soper, and soon afterwards removed to the western part of New York, where they resided till their decease; Mrs. Soper died in 1834, and Mr. Soper in 1837. That on the death of Zadock Whitney, the deed and note above described, went into the possession of his widow, and remained in her possession until her death in 1834; and subsequently came into the possession of the plaintiff; that the said Zadock Whitney returned to Vermont, but once after he removed from the State, and that was previons to the said note of Patchin becoming due. The plaintiff also gave in evidence, other facts and circumstances tending to prove, that said note had never been called for, and had not in fact been paid.

The plaintiff also offered and read in evidence, a certified copy of the will of the said Zadock Whitney with probate thereof in New York, and also in this State. It also appeared that the plaintiff and one Hannah Whitney, were the only children of said Zadock Whitney, and that said Hannah deceased before the commencement of this suit.

The plaintiff read in evidence, duly certified copies of deeds, from Stephen Patchin to James R. Langdon, dated May 22, 1817; from James R. Langdon to Nehemiah French, dated August 11, 1821; from Nehemiah French to Andrew T. French, one of the defendants, dated February 16, 1842, of all the lot demanded.

The defendants admitted themselves in possession.

The defendants proved, that ever since the date of the said deed from Stephen Patchin to James R. Langdon, and until the bringing of this suit, said lot had been occupied and possessed by the

said Langdon and French, claiming to be the sole owners of the same, and to hold adversely to all persons. That for more than twenty years previous to the commencement of this suit, the plaintiff had resided in an adjoining town, and while the defendants and those under whom he claimed, were thus in possession of said lot.

The plaintiff requested the court to charge the jury, that, although the lapse of time, since the giving of said note and mortgage by said Patchin to said Whitney, would be an apparent bar to any recovery by the plaintiff, still, that such presumptive bar, might be removed by proof of such facts, as should clearly satisfy them, that the same, never in fact had been paid.

But the court declined so to charge, and instructed the jury, that the bar could only be removed by proof of some payment or acknowledgment, of the existence and validity of the mortgage, as an incumbrance upon the land within fifteen years next before the commencement of the suit.

The jury returned a verdict for defendants.

Exceptions by plaintiff.

*L. P. Poland* for plaintiff.

*A. J. Willard* for defendants.

The opinion of the court was delivered by

REDFIELD, Ch. J. 1. The deed of Patchin to Whitney, must be regarded we think, as *prima facie* subject, to the condition written upon the back of the deed. This seems probably to have formed a part of the deed, at the date of the record, when it would operate against the interest of the grantee, and being for the ease of the grantor, will be presumed to have formed a part of the deed, at the time of delivery. Else, it will be presumed the grantee, would not have suffered it to be put upon the deed, subsequent to the delivery.

2. The relation of landlord and tenant being established, or rather, that of mortgagor and mortgagee, which is similar in many of its incidents, a question arises, how the long lapse of time, and an actual adverse possession, is to be regarded.

We do not think any distinction between the rights of the widow, during her life, and that of the plaintiff subsequent, is to be

XXV. 43

likened to that of successive estates in the reality, the one dependent upon the expiration of the other. For the interest of the mortgagee, is but a chattel interest, as is said in argument, and whether to be pursued by the devisee, or heir, or executor, or administrator, is all along in a condition to be pursued, by some one, and the operation of the presumption of payment, is not interrupted, by the succession of rights, as long as there is, all along, some one competent to pursue it.

It must then be regarded, as affording a presumption of payment, from the first. That is so always, as long as the mortgagor is suffered to remain in possession, and if there is nothing in the case, but fifteen years possession, it is ordinarily to be regarded, as sufficient to justify a jury in finding the fact of payment, and is said to form a fixed bar, which cannot be submitted to a jury.

This presumption, and the English bar, is in analogy, to their statute of limitations of the right of entry into lands. And the same analogy, is maintained in this State, although the term is different, being twenty years, at common law, and but fifteen years in this State. And when there is nothing to encounter the presumption, there is no necessity of submitting it to the jury, any more than there is in any case, where the testimony is all one way.

But in the present case, it is claimed the presumption is encountered by opposing evidence, and should therefore have been submitted to the jury.

And on the other hand, it is claimed, that after the mortgagor conveyed by an absolute deed, and his grantee entered into adverse possession, the mortgagee was bound to take notice of such adverse possession, and bring his suit, within the term of the statute of limitations, or the defendant acquired a perfect title, at bar, by the statute of limitations.

From an examination of the authorities, upon this last point, in the case, which is the only one, regarded as difficult, we are satisfied, it will be impossible for the plaintiff to prevail, and that the case should therefore not be opened. The conveyance here, being absolute, with full covenants, as is inferable, from the claim being immediately adverse to the mortgage, which was upon record, and known to the purchasers, it seems unjust, and contrary to the best considered cases, to defeat that title, after nearly twice the term of the statute of limitations, by a mere admission, by the mortgagor

of the mortgage being unpaid, or by proof of that fact, from circumstances, or express testimony. We think that the mortgagee, having acquiesced in a subsisting adverse possession, for more than fifteen years, in a purchaser of the entire title to the land, should show something, whereby the persons in possession of the premises, have recognized the subsistence of the mortgage, or at least made aware of its being made a continual claim. A contrary rule would often effect severe injustice.

The law is evidently so regarded in Connecticut. *Bunce* v. *Wolcott*, 2 Conn. 27. *Skinner* v. *Smith*, 1 Day 124. *Lockwood* v. *Lockwood*, 2 Day 295. So also in New York, 4 Kent's Com. 201. *Giles* v. *Bonemore*, 5 Johns. ch. R. 545, where the rule p. 553, is thus stated by CHANCELLOR KENT, "The Supreme Court (of New York) has more than once recognized the rule, that a mortgage is not a subsisting title, if the mortgagee never entered, and there has been no foreclosure, or payment of interest, within twenty years." 3 Johns. 386. 7 Johns. 283, and notes to 2d ed. The presumption of the payment of the mortgage becomes *absolute* after the lapse of fifteen years, or the bar of the statute of limitations, and, no entry, or payment of interest. It is a presumption of law, and in itself conclusive, unless encountered by distinct proof. It is not to be submitted to the mere discretion of a jury, although adversely an inference of fact, where there is any conflicting evidence. And this presumption of payment of a mortgage, or release of an estate, is often made, against what is believed to be the very fact, for the purpose of quieting a long adverse possession, and to prevent virtual fraud, by the setting up of dormant title, long since supposed to have become extinct. *Hilory* v. *Waller*, 12 Vesey 239, and notes to Sumner's edition. *Coolidge* v. *Larned*, 8 Pick. 508.

It is true undoubtedly, that in England, as well as in many of the American States, the courts have held, an entry upon land, by a stranger, or one deriving title from a stranger, or one holding a subordinate estate, as only, an eviction, at the election of him, who has the legal estate, while in this State, we have held all such entries, by strangers, under claim of right, to be an actual eviction of the owner, of which he is bound to take notice, at the peril of losing his estate, after the lapse of fifteen years. And every where the possession, being in one who may fairly be presumed to hold,.

in subordination to the legal title, cannot become adverse, in such a sense, as to create title by lapse of time, without the express or presumptive knowledge of him, having the superior estate.

But it does not seem to us very satisfactory, to apply this rule, in favor of the mortgagee, who is, in one sense, the owner of the legal estate, in the land, and in another, and the more just and common sense, the possessor of a mere chattel interest, which it was the duty of the mortgagor, after selling the land, to remove, and which after the lapse of fifteen years, and no steps taken by the mortgagee, to enforce the mortgage, it may be presumed, he has done. And we think such a presumption, in favor of a purchaser of the land, ought not to be rebutted, short of evidence tending to show, that he was made aware of the mortgagee's continual claim upon the mortgage. Nothing of this kind was offered to be shown.

Judgment affirmed.