## JOHN GILLAM AND J. C. POTTER *v.* DAVID SIGMAN.

OBJECTION TO MISJOINDER OF PARTIES PLAINTIFF.—The objection that too many persons are joined as plaintiffs must be taken advantage of by demurrer, if it appear on the face of the complaint, and if it does not so appear, by answer, or the same is waived.

AMENDMENT TO ANSWER DURING TRIAL.—If the defendant does not know that too many persons are joined as plaintiffs until the same appears in evidence, he should then apply for leave to amend his answer.

DENIAL DOES NOT RAISE ISSUE OF MISJOINDER OF PLAINTIFFS.—Where. two are joined as plaintiffs in an action for the recovery of possession of land, a denial in the answer that the plaintiffs were in possession of the land, does not present the issue of a misjoinder of either of the plaintiffs.

PROOF OF A CONVERSATION.—If the plaintiff, during a trial, draws out of one of his witnesses part of a conversation between the plaintiff and another person, the defendant is entitled to prove by his witnesses the whole conversation.

CONVERSATIONS IN EVIDENCE.—A declaration made by a third person to and in the presence of the parties engaged in a controversy, at the time of the doing of an act by one of them that becomes the subject of an action, is admissible in evidence, and becomes a part of the *res gestæ.*

COMPLAINT IN FORCIBLE ENTRY AND DETAINER.—A complaint in forcible entry and detainer should not contain allegations respecting the defendant's appropriation of personal property.

APPEAL from the County Court, Napa County.

The complaint averred that the defendant, since his forcible entry and detainer, had been occupying the premises and using the stock in trade and tools of the plaintiffs, and appropriating the same to his own use and benefit, and that, if defendant was not restrained by legal process, the property of

plaintiffs, of the value of one thousand dollars, would be rendered valueless, or appropriated by defendant to his own use, before the case could be heard. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Hartson & Tucker,* for Appellant, as to the refusal of the Court to allow defendant to prove the conversation between Lillie and defendant in Gillam's presence, cited 1 Greenleaf on Evidence, 225, and as to a misjoinder of plaintiffs by making Potter one of plaintiffs, 1 Chitty on Pleadings, 66.

They also argued that the action of forcible entry and detainer was *quasi* criminal, and in derogation of the common law, and the statute must be strictly construed, and that there must be a joint possession and a joint ouster to enable plaintiffs to unite in the action.

*P. W. S. Rayle,* for Respondents, argued that the answer admitted the possession of plaintiffs, as charged in the complaint, and that an issue as to their joint possession could not now be raised, and that the rules of pleading adopted in other civil cases applied to forcible entry and detainer, and cited Laws 1863, Sec. 14, p. 655; *Goodwin* v. *Hammond,* 13 Cal. 169; *Riddle* v. *Baker,* Id. 302, and *Payne* v. *Treadwell,* 16 Cal. 243.

He also made the points that defendants had not taken the objection to a misjoinder of parties plaintiff, either by demurrer or answer, and that Lillie's declaration was hearsay, and not admissible.

By the Court, RHODES, J.

This is an action of forcible entry and detainer. The plaintiffs allege that they and each of them were in the peaceable and actual possession of a town lot in the Town of St. Helena, and that while they were so in possession, on or about the 4th day of February, 1865, the defendant illegally and forcibly entered into and upon said premises, and ejected the plaintiffs, and from thence has forcibly detained, and still does forcibly

detain, the possession from the plaintiffs. The defendant, for answer, among other things, denies "that on the 4th day of February, 1865, said plaintiffs were in the possession of the premises described in the complaint," and he denies the alleged forcible entry and detainer.

It appears from the evidence that upon the premises there were a blacksmith shop, a wood shop and a room adjoining the wood shop; that on the 4th of February, the time of the alleged forcible entry, Gillam was in possession of the wood shop, Potter in possession of the blacksmith's shop, as Gillam's lessee, and defendant in possession of the room adjoining the wood shop, occupying it with the permission of both of the plaintiffs; that the defendant on that day forcibly ejected Gillam from the wood shop, but did not interfere with Potter, nor forcibly enter upon any portion of the premises except the wood shop. The plaintiffs had verdict and judgment for the restitution of the whole of the premises.

The defendant assigns for error the refusal of the Court to give to the jury three certain instructions, which together amount to this: that unless the jury are satisfied from the evidence that at the time of the forcible entry, both of the plaintiffs occupied the premises, and occupied them jointly, they must find for the defendant; in other words, that if the evidence shows that too many persons have been joined as plaintiffs, they must fail in the action.

### *Misjoinder of plaintiffs.*

The rule at common law was that the objection, if it appear on the record, may be taken advantage of by demurrer, in arrest of judgment, or a writ of error; or if the objection do not appear on the face of the pleadings, it would be a ground of nonsuit on the trial. (1 Chit. Plea. 56.) But a different rule has been established by the Practice Act.

One of the grounds of demurrer stated in section forty of the Practice Act is a misjoinder of parties plaintiff or defendant, where the objection appears upon the face of the complaint; and if the misjoinder does not so appear, it is provided

by section forty-four that the objection may be taken by answer; and section forty-five declares that if such objection be not taken either by demurrer or answer—that is, by demurrer when the defect appears upon the face of the complaint, or by answer when it does not so appear—it shall be deemed to be waived. Here the defect did not appear upon the face of the complaint, and the defendant should have taken the objection by his answer. The defendant is presumed to be able to meet every allegation of the complaint, either positively or upon information and belief. If it is true—as the evidence that was introduced strongly tended to prove—that Gillam and Potter were in possession in severalty of distinct portions of the premises mentioned in the complaint, and that Gillam alone was in the possession of the wood shop, the only portion upon which it can be claimed a forcible entry was made, the defendant is presumed to know or have information and belief of that fact; but if he did not, there could have been no difficulty in his procuring leave to amend his answer and the plaintiff to amend the complaint, upon that fact appearing in evidence. (*Bonsteel* v. *Vanderbilt*, 21 Barb. 26.)

The evidence shows a misjoinder of the plaintiff Potter, and the defendant, under the imperative rule of the statute, should have taken advantage of the defect by answer. The rule, in case the defect does not appear upon the face of the complaint, is as inflexible as when it does appear there; and the presumption of a waiver of the objection, when there is in truth a misjoinder, though not appearing on the face of the complaint, and the defendant has failed to take the objection by answer, is as conclusive as when it does appear upon the face of the complaint and the defendant has failed to take the objection by demurrer. We think no question would be made if in this case the plaintiffs had stated that Gillam alone was in the possession, and the defendant had failed to demur on the ground of the misjoinder, that he would be deemed to have waived the objection.

*Issue of misjoinder of plaintiffs.*

The denial of the defendant, that on the 4th day of February, 1865, the plaintiffs were in possession of the premises, giving it the most favorable construction for him, amounts, at most, to no more than a denial that both plaintiffs were in possession, and it certainly does not present the issue of the misjoinder of either of the plaintiffs. (*Fosgate* v. *Herkimer Nav. and Hyd. Co.*, 12 N. Y. 582.) That objection being waived, it was not error to refuse those instructions.

*Conversations in evidence.*

On the trial the plaintiff Gillam testified as a witness in his own behalf, that on the 4th of February, 1865, the defendant and one Lillie were in the wood shop, and Gillam having come to the shop from another building, at the request of Lillie or the defendant, Lillie and Gillam entered into a conversation about the shop and tools, and during the conversation Lillie handed to the defendant a paper, saying he had sold his interest in the shop and tools to the defendant; and upon the witness proceeding further to state the conversation of Lillie he was stopped by the Court, upon the objection of the plaintiffs' counsel. The defendant subsequently offered to prove by his own witnesses what Lillie in that conversation said to Gillam, in regard to putting the defendant in possession of the shop, but the testimony was excluded upon the objection of the plaintiffs.

The testimony was admissible upon two grounds. The plaintiffs had drawn out a part of the conversation, and that gave the defendant the right to call for the remainder. The conversation having taken place at the time of the alleged forcible entry, and it relating to the subject matter of the controversy between the parties, formed a part of the *res gestæ*. The facts, circumstances, or declarations which grow out of the principal fact in question, which are contemporaneous with it, and serve to illustrate, qualify or explain it, constitute

the *res gestæ.* The declaration of a third person, made to and in the presence of parties engaged in a controversy, at the time of the doing of an act by one of them, that becomes the subject of an action, may not only be well calculated, but essential, to explain the motives, conduct and acts of the parties. There is no distinction in principle between such a declaration, and one made at the same time by one of the parties. (1 Phil. Ev., C. H. and E. Notes, p. 188, Note 81.)

Counsel will of course understand that we do not undertake to accord any definite value to the declaration when given in evidence; and if it should turn out that the declaration was as the parties assume it to have been—that Lillie had put the defendant in possession of the shop—it might have but slight tendency to prove, that at that time the defendant in fact had the possession.

As the cause must go back for a new trial, where the parties may, if necessary, procure leave to amend their pleadings, and as we have adverted to a defect in the answer, it is not improper to say that this action being designed by the statute as a remedy for certain injuries to the possession of real property, the plaintiffs' allegation respecting their tools and stock in trade in the shop, and the defendant's appropriation thereof to his own use, have properly no place in the complaint.

Judgment reversed and the cause remanded for a new trial.

Mr. Justice SAWYER expressed no opinion.