THE STATE OF TENNESSEE, plaintiff in error, *vs.* J. S. VIRGIN, administrator of T. CHERRY, deceased, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

1. At common-law, a judgment twenty years old is presumed to be paid.
2. Plaintiff declared on a judgment rendered in favor of the State, in the State of Tennessee in 1838, to which the defendant pleaded the statute of limitations. The Court sustained the plea, and decided that the plaintiff could not recover. Held that the Court decided right.

Debt on Judgment. Statute of Limitations. Motion for New Trial. Tried before Judge COLE. Bibb Superior Court. November Term, 1866.

At the trial, plaintiff introduced in evidence a judgment in favor of the State of Tennessee, against one Thomas Cherry, who was admitted to be the defendant's intestate, and it was agreed that the statutes of Tennessee should be considered as in evidence. This judgment was dated December Term, 1838.

Defendant introduced no testimony, and relied on the statute of limitations.

The Court charged the jury that the statute of limitations of Georgia, against foreign judgments, was the law of this case. Verdict was rendered for the defendant.

A new trial was moved for because the verdict was contrary to evidence, and because the Court erred in charging as aforesaid.

The State of Tennessee *vs.* Virgin, adm'r.

The Court refused a new trial, and for this, plaintiff in error asks a reversal.

LOCHRANE & BACON, COBB & JACKSON, for plaintiff in error.

W. POE, for defendant in error.

WALKER, J.

In this case, we were entertained with learned and ingenious arguments on the " comity of nations," the application of the doctrines to the relations existing between the several States of this Union, and the reasons why the Courts should enforce these doctrines in cases like the one at bar.    It was insisted, too, that the State, unless expressly named, is not included in the provisions of a statute, and that Georgia has adopted the maxim of " *Nullum tempus occurrit regi*," and should apply the same rule in favor of a sister State when she becomes a suitor in our Courts.    While it would be pleasant to enter into an extended discussion of the questions raised, yet as the decision of this case renders such discussion unnecessary, I must at present decline to do so.    Respect for the able counsel may perhaps require a reference to a few general principles which we recognize.    It is true that in Brinsfield vs. Carter, 2 Ga. R., 143, this Court decided that, " The statute of limitations does not run against the State ;" but it is also true that in March, 1856, pamp. p. 237, an act was passed which provides, " That when, by the provisions of this act, a private person would be barred of his rights, the State shall be barred of her rights under the same circumstances ;" and one of the provisions of that act is that " All suits upon judgments obtained out of this State, shall be brought within five years after such judgment shall have been obtained, and not after ;" ib. 234.    So that in Georgia it would seem that the old common-law maxim of " *Nullum tempus occurrit regi*," has been abrogated.

We concede fully the rule that comity of nations "should always exist between all civilized, independent States, and

more especially between the confederate States of the American Union;" Johnston vs. Riley, 13 Ga. R., 135; Bank of Augusta vs. Earle, 13 Pet. R., 590. But this comity will be enforced only where it "is not contrary to the policy, or prejudicial to the interests of the State," Code sec. 10. The third axiom of Huberus, (Lib. 1. tit. 3, *de conflictu legum*, § 2, p. 538,) is now generally received as properly describing what is meant by "the comity of nations." The maxim is, " that the rulers of every empire from comity admit, that the laws of every people in force within its own limits, ought to have the same force everywhere, so far as they do not prejudice the powers or rights of other governments or their citizens." See Sto. Confl. L., sec. 29. But I forbear to pursue this investigation because, under the view which we take of this case, such discussion is unnecessary.

1. This is an action brought to enforce a judgment more than twenty years old. At common-law, such a judgment is presumed to be paid. Burt vs. Casey, 10 Ga. R., 178.

2. There is no evidence in the case to rebut this presumption; but the plaintiff seeks to avoid the effects of this presumption, as well as the plea of the statute of limitations of our own State, of five years, by invoking the aid of the old maxim, " *Nullum tempus occurrit regi.*" Our reply is, that this maxim is not of force in the State of Tennessee, and therefore no " comity " requires the Courts of Georgia to enforce it in favor of Tennessee. By the Code of Tennessee, section 2806, (and the law was substantially the same before the adoption of the Code,) it is provided that " The State shall commence and prosecute suits according to the laws of the land, as in cases between individuals, except that no security (for costs) shall in such case be required." Section 2807 provides that " Actions may be instituted against the State under the same rules and regulations that govern actions between private persons." These provisions place the State upon an equality with her citizens, before her courts, subject to the same rules, restrictions and limitations which apply in cases where citizens alone are parties; and if so, the State is barred by the statute of limitations within the same time and

under the same circumstances, which would bar the remedy of a citizen; and such we understand to be the ruling of her own Supreme Court.   The State of Tennessee vs. Crutcher's administrator, 2 Swan's Tenn. Rep., 504, was an action brought by the State against the administrator of one of her public officers, and the claim disallowed on the plea of the statute of limitations.   The head note to the case is in these words, "The statutes which limit the time within which suit may be brought against executors and administrators, operate as well against the State as against individual citizens."   The opinion was delivered by McKinney, J., and concurred in by Green, J., against Totten, J., dissenting; and among other things, the Court says, " It was argued that '*nullum tempus occurrit regi*' applies.   It might be doubted whether this maxim of regal prerogative was not one of the very things which our ancestors, instead of bringing with them, were most careful to leave behind, as not altogether consistent with the theory of government and jurisprudence maintained and desired to be adopted by them," p. 509.   " The act of 1840 says ' That the State of Tennessee shall be and is hereby authorized to commence and prosecute suits for all causes of action accrued or accruing to the State, in all the Courts of the State, according to the laws of the land, as in other cases.'   That this statute intended to place the State upon the same footing with other suitors in the Courts, can admit of no doubt; it is so in effect declared in terms.   If this be not so, then the words can have no meaning.   The claim of right or cause of action sought to be enforced, must be of such a character as, according to the laws of the land, may be enforced in other cases.   The remedy and the right of the State on the one hand, are to be regulated and determined according to the law of the land, as in other cases between individual suitors; and so on the other hand, precisely the same rule is to govern, as respects the matters of defence of which the defendant may avail himself.   Whatever matter would be a valid defence according to the settled principles of law and modes of proceedure in like cases between individuals, will be equally so in suits instituted on behalf of the State, under the act of 1840.   The

express declaration that the suits which the statute authorized to be brought by the State, shall be prosecuted according to the laws of the land *as in other cases,* is comprehensive of everything respecting either the right or the remedy, and it clearly excludes the idea of an intention, that the State as a suitor in the Courts, should be permitted to claim or assert anything in the nature of prerogative or exemption, out of the ordinary course of the law of the land, not admissable in similar controversies between private individual suitors.    In this view of the act of 1840, it results that the present action is barred by the statutes of limitations," p. 510–11.

This long quotation is made because it establishes clearly, that according to "the comity of nations," this action cannot be maintained.  For if the laws of Tennessee should have the same force in Georgia as they do in that State, this action is barred by the statute of limitations.  The "comity of nations" could ask no more than this.  Under the laws of Georgia, the judgment is presumed to be paid; and applying the rule which Tennessee lays down for herself in her own Courts, and she is barred by our statute of limitations, which applies to "all suits upon judgments obtained out of this State," and says such suits "shall be brought within five years after such judgment is obtained."    Under any view which we can take of this case, the plaintiff is not entitled to recover.

Judgment affirmed.