## S. C. HASTINGS AND WALTER S. JEANS *v.* A. D. STARK AND WILLIAM TOWSON.

UNCERTAIN CALLS OF DEED—CONFLICTING EVIDENCE CONCERNING.—Where the calls of a deed are so uncertain that the initial point of a boundary line to be established at the trial can never be fixed with absolute precision, it is for the jury to determine the location of the line from the evidence; and, when conflicting, this Court will not disturb their verdict on appeal.

UNCERTAIN CALLS OF DEED—ESTABLISHMENT OF LINE BY PARTIES.—If there be such uncertainty in the calls of a deed that either one of two or more objects will answer it, so that the line will run in two or more positions, and still harmonize with the other calls of the deed, the parties to the deed may adopt either line— and, when so established, it concludes both parties.

MISJOINDER OF PARTIES PLAINTIFF—WHEN WAIVED.—Where a misjoinder of parties plaintiff does not appear upon the face of the complaint, and the objection is not taken by answer, it is deemed waived.

IDEM—WHEN ACQUIESCENCE FOR FIVE YEARS NECESSARY.—In such case, the acquiescence of the parties for the period of five years would add nothing to the conclusiveness of the location of the line, while such acquiescence would probably be necessary to give validity to a line not located according to the calls of the deed.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This was an action of ejectment to recover possession of seven and one third acres of land in Solano County, being part of a grant of land made by the Mexican Government

to Juan Fillippe Peña and Manuel Cabeza Vaca, and subsequently confirmed and patented to them by the United States. The complaint was in the usual form, and the only pleading on the part of the defendants was the answer, which only put in issue the material averments of the complaint. The descriptive portion of the deed mentioned in the opinion of the Court from said Vaca to McDaniel, under which plaintiff Hastings at the trial deraigned title to the demanded premises, is as follows, to wit:

" The point at which the boundary of this tract of land may be found is one mile and a half due north of the point where the county road crosses the water branch, or ' Arroyo de Agua,' about one mile and a half east of said Manuel Cabeza de Vaca's Rancho; thence due west to the base of the mountains; thence southerly three English miles—that is to say, following the base of the mountains in a southerly direction three English miles; thence due east three English miles; thence due north three English miles; thence west to the place of beginning, so as to include three English miles square, or nine square miles of land."

The "Swan Map," mentioned in the opinion, and which was put in evidence at the trial by the plaintiffs, is the same which is described in the statement and the opinion of this Court in *Vance* v. *Fore*, 24 Cal. 436, 443, *et seq.* On the trial no title whatever to the demanded premises was shown in the plaintiff Jeans. The defendants introduced testimony to prove that they were, and for a long time prior to the commencement of this action had been, in possession of the demanded premises. They also introduced in evidence at the trial a deed from H. H. Hartley, and others, under whom they sought to deraign title to the demanded premises. Said Hartley and others were grantees of another distinct parcel of said Mexican grant under a deed thereto from said Peña; but said deed from Hartley and others, which, together with said deed from Peña, were subsequent in date to said deed

to McDaniel, in the descriptive portion thereof contained the following call, to wit: "Thence along the western line of the present survey of the (so called) McDaniel tract, according to the plat thereof." Other evidence introduced at the trial tended to prove that the "plat" thus mentioned was said "Swan Map;" also, that said map had been made to delineate the external boundaries of the McDaniel purchase, as well as the internal division lines thereof, as between the owners of distinct parcels holding under McDaniel, in the course of a suit for the partition of said tract between the owners thereof; and that ever since said suit said external lines had been acquiesced in by said owners.

The first and second instructions, which were given at the request of the plaintiffs, mentioned in the opinion of the Court, were as follows:

"1. If the tract of land sued for was within the calls of the deed under which the plaintiffs claim, they are entitled to recover, and their rights are not affected by the fact that in other respects the location might not be in exact accordance with the calls of the deed.

"2. If the description in a deed is uncertain, and it admits of more than one location, it was competent for the parties to make such location as they might; and such location, if acquiesced in for the term of five years, although not according to the true calls of the deed, is binding on the parties and those claiming under them."

The plaintiffs had verdict and a judgment as prayed, and the defendants appealed therefrom and from an order denying their motion for a new trial.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* and *McKenney & Lamont,* for Appellants.

The verdict was contrary to the evidence, and the plaintiffs' first instruction was erroneous. Plaintiff Jeans showed

no title or right of possession.  Both plaintiffs must show a right to recover, or neither can recover.  (*Sunol* v. *Hepburn*, 1 Cal. 260; *Taylor* v. *Palmer*, 3 Marsh., Ky., 19; *Taylor* v. *Whitney's Heirs*, 4 Monroe, 365; *Tucker* v. *Vance*, 2 Marsh., Ky., 457.)

The plaintiffs' second instruction was also erroneous, because the Statute of Limitations was not pleaded, nor any easement or prescriptive right claimed.

*W. S. Wells*, for Respondents.

By the Court, RHODES. J.:

The principal question in this case is, whether the premises in dispute are included within the calls of the deed of Vaca to McDaniel, or stated more narrowly, whether the westerly line of the McDaniel tract lies to the west of the premises in suit.  The defendants contend that the evidence is insufficient to justify the verdict in this respect.  This deed was before this Court in *Vance* v. *Fore*, 24 Cal. 444, where it was said, in speaking of the termination of the first course—the base of the mountains—along which the western line runs: "Reference here is not to a visible object, but to a point the exact location of which can never be determined with absolute precision.  Witnesses of equal intelligence, after giving the subject an equal amount of attention, might, and probably would, differ more or less in their conclusions concerning it."  The deed being admitted in evidence, the true position of the western line was a question of fact, to which the jury were to respond from the evidence; and there being no visible call in the line, which could be precisely established, it was for the jury, and not for this Court, to say which witness more nearly approximates in his testimony to the true line.  If the line is run according to the "Swan Map," there is no doubt that the calls of the deed will include the land in controversy; and there is testimony in the case showing that the line should be placed even further to the

west than in that map. Where one witness calls a certain elevation of land a mountain, and another calls it a hill, and says that the mountain is reached after passing over the hill and across a valley, the conflict in the evidence is so manifest, that the verdict upon the point to which the evidence was directed will not be disturbed by the appellate Court.

The point that the verdict is erroneous because no title was shown in Jeans, one of the plaintiffs, is answered by sections forty-four and forty-five of the Practice Act. Where the misjoinder of parties plaintiff does not appear upon the face of the complaint, and the objection is not taken by answer, it is deemed waived. (*Gillam* v. *Sigman*, 29 Cal. 639.)

The first and second instructions given at the request of the plaintiffs are susceptible of improvement in point of perspicuity, but they are not so defective as to be calculated to mislead the jury. The deed referred to in the first instruction was that from Vaca to McDaniel, for the only controversy between the parties related to one of the calls of that deed. The instruction would be objectionable in assuming that the defendants were in possession of the premises, had there been any contest on that point; but the defendants really conceded that point by claiming the benefit of the legal presumption of title, arising from the fact of their possession.

There is no valid objection on the part of the defendants to the second instruction. If there is any uncertainty in the calls of a deed—that is, if either one of two or more objects will answer the call, so that the line will run in two or more positions and still harmonize with the other calls of the deed—the parties to the deed may adopt either line, and, when one is thus established, it concludes both parties. They are presumed to understand the description of the land conveyed, and their acts in locating the lines, in such a case, are evidence that the lines established by them are correct. The force of the instruction was somewhat impaired by requiring the acquiescence of the parties for the term of five years in the line thus established. Such acquiescence would

probably be requisite in order to give validity to a line not located according to the calls of the deed, but when the parties, by running and marking the line upon the land, identify a call which, from the language of the deed, is left in uncertainty, acquiescence will add nothing to the conclusiveness of the location of the line.

Judgment affirmed, and remittitur ordered to issue forthwith.