[No. 5142.]

## JOHN R. SPRING v. JOHN HEWSTON JR., H. F. WILLIAMS, AND R. C. PAGE.

BOUNDARY LINE.—If the initial point of a boundary is the mouth of a creek, and it is described in a conveyance as "thence ascending the creek," and several courses and distances are given up the creek, and these courses and distances do not follow, but often diverge from the creek, the true boundary is the creek.

ESTOPPEL BY SURVEY OF BOUNDARY LINE. — Adjoining land proprietors are not estopped by a survey made by them of a disputed boundary line, if the survey is made to ascertain where the true line is as fixed by a conveyance, and the surveyor is not an arbiter to establish a line.

IDEM.—A survey for the purpose of establishing a boundary line, made between a sole owner of the land on one side, and one of several owners of the land on the other side, does not estop the owners who did not join in it.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 20th day of August, 1855, Carmen Librian de Bernal and José de Jesus Bernal were the owners of the Bernal Rancho, situated in what is now the City and County of San Francisco, and mortgaged to J. Mora Moss a portion thereof. On the 4th day of June, 1857, said Bernals conveyed the rancho to Harvey S. Brown, subject to the mortgage. This was an action of eject-ment to recover possession of a portion of the rancho bordering on Islais Creek. The plaintiff deraigned title from Brown, and the defendants claimed under a foreclosure of the mortgage and Sheriff's deed. The defendants appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*Pringle & Hayne* and *Jos. M. Nougues*, for the Appellants.

Courses and distances yield to natural monuments. In *Sandifer* v. *Foster*, 1 Hayw. (N. C.) 237, "Gee's patent began at the mouth of dividing, run thence north, thence east, thence south to a white oak; thence along the river to the beginning. This white oak stood *half a mile* from the river, and if the line be run in a direct course from thence to the beginning, a large part of the land described in the plaintiff's grant will be left out of Gee's patent; but if the river is deemed to be the boundary, the land described in defendant's grant will then be included in Gee's patent." The river was held to be the boundary.

In *Cherry* v. *Slade's Admin.* 3 Murph. 84, the description was: "Beginning at Whitehurst's corner at the letter A; thence east along Ward's line eighty poles; thence south on his line 320 poles to the back swamp." The first distance was more than doubled, and both courses were changed thirty degrees, in order to conform to Ward's line. The case is an instructive one.

See, also, *Harramond* v. *McGlaughon*, Taylor's (N. C.) R. 84; *Rix* v. *Johnson*, 5 N. H. 524; *Bruce* v. *Taylor*, 2 J. J. Marsh. 162; and *Brown* v. *Hager*, 21 How. 318.)

Tested by the intrinsic aids to the construction of this instrument, the courses and distances yield to the natural monument. "North nineteen degrees thirty minutes, west eleven chains, to the mouth of the creek; thence, *ascending said creek*, north eighty-one degrees, west five chains," etc., etc., and after a number of courses, "*crossing the creek* to the end of old wall on north side of the marsh." This evidently means entering the creek from the south, and after ascending the creek, passing out of it, or crossing it to the north. All the intermediate courses are plainly intended to be ascending and following the creek.

*Philip G. Galpin* and *James C. Cary*, for the Respondent.

The surveys made by Hoadley and Potter control. (*Rice* v. *Hollis*, 1 Maule & S. 105; *Down* v. *Cooper*, 2 Q. B. 256; 15 Wend. 89, 90, 92, 97; 7 Cowen, 723; *Columbet* v. *Pacheco*,

48 Cal. 397 : *Hastings* v. *Stark,* 36 Cal. 122 ; *Sneed* v. *Osborn,* 25 Cal. 620 ; 7 John. 245 ; 17 John. 29 ; 10 Wend. 104 ; 16 Wend. 281 ; 7 Johns. 283.)

By the COURT :

One of the descriptive calls in the mortgage to Moss is " north nineteen degrees, thirty minutes, west eleven chains, to the mouth of the creek (Islais Creek) ; thence, *ascending* the said creek, north eighty-one degrees, west five chains," etc., giving certain courses and distances, until arriving at a certain point, and then " crossing the creek to the end of old wall on the north side of the marsh." If the courses and distances from the mouth of the creek be followed as the true line, there will be excluded from the mortgage a strip of land between this line and the creek, which includes the premises in controversy.

On the contrary, if the creek is the true boundary, then the premises in controversy are included in the mortgage, under which the defendants claim through a foreclosure sale. The Court below held that the premises in dispute are not included in the mortgage ; and on that assumption entered a judgment for the plaintiff. We are all of opinion that this ruling was erroneous, and that the creek is the true boundary, and consequently that the premises in controversy were included in the mortgage.

The plaintiff, however, contends that the defendants are estopped by two surveys, one by Hoadley and the other by Potter, establishing, as is claimed, an agreed line. In respect to the Hoadley survey, as we understand the testimony, Hoadley was selected simply to ascertain the true line as fixed by the mortgage, and not as an arbitrator to establish such other line as he might consider equitable under all the circumstances. We have been referred to no adjudicated case which holds that such a survey, of itself, independently of other circumstances, creates an estoppel. The same remark applies to the Potter survey ; and, moreover, the agreement for this survey was between the plaintiff and the defendant Williams only, and of course would not bind the other defendants.

Judgment and order reversed, and cause remanded for a new trial.