[Filed June 18, 1890.]

C. C. BEEKMAN, RESPONDENT, *v.* JAMES HAMLIN,
APPELLANT.

JUDGMENT—LAPSE OF TIME—PRESUMPTION OF PAYMENT.—In this State a judgment
    upon which no execution has been issued, nor attempt made to enforce the same
    for twenty years, is presumed to have been paid.

PRESUMPTION—EFFECT OF.—In such case, it is a presumption of law and can be
    rebutted only by some positive act of unequivocal recognition, like part payment,
    or a written admission, or at least a clear and well-identified promise, intelligently
    made, within the period of twenty years.

APPEAL from Jackson county: L. R. WEBSTER, judge.

This is a proceeding to revive a judgment under section
295, Hill's Code. The plaintiff alleges in his motion for
leave to issue execution that on the fifth day of February,
1861, he recovered a judgment against the defendant in
the circuit court of Jackson county, Oregon, in an action
at law in which said C. C. Beekman was plaintiff and said
James Hamlin was the defendant, for the sum of $751.43
with interest thereon from said date at the rate of
one and a half per cent per month, and also for the
further sum of $756.32 with interest thereon at the rate of
two and a half per cent per month, and the costs and
disbursements of said action, which judgment was duly
entered on the journal record of said court on the fifth of
February, 1861, and on the twenty-eighth day of February,
1861, was duly entered on the judgment lien docket of said
court; that no payments have been made on said judgment,
and that the whole amount of principal and interest as
therein stated is now due to the plaintiff; that no execution
has been issued on said judgment for more than twenty
years. Then follows a prayer for leave to issue an execu-
tion for said sums with interest at the rate specified in the
motion.

The defendant's answer contains some denials, but they are not full or specific, leaving it somewhat uncertain what the defendant intended to deny.    The answer alleges that the defendant was not served with notice of the filing of the amended complaint in the original action.    After alleging some other argumentative matter that has no relevancy whatever, the answer contains this allegation: That said alleged judgment has been allowed to remain dormant for about twenty-eight years, during all of which period the defendant has owned property, both real and personal, in his own right, which property was subject to execution, and which was amply sufficient to have satisfied said judgment; and the defendant avers that for about the period of twenty-eight years he was absolutely ignorant that the said alleged judgment appeared of record against him, and that during that period of time he had several settlements with the plaintiff, had money and other articles of value deposited with him and in his care, and withdrew the same from his care at defendant's pleasure, and that during all that period of time and not until the last settlement was had between the plaintiff and defendant did the plaintiff mention the fact that he held the alleged judgment against the defendant.    Some other facts are alleged which need not be specially noticed.

The record recites that the court sustained a demurrer to subdivisions three and five of the defendant's answer; but the demurrer nowhere appears in the transcript, nor does it anywhere appear on what ground said demurrer, if any was filed, was sustained.    On the trial the defendant offered evidence tending to prove the matter in his answer, all of which was objected to and excluded and exceptions taken.    At the trial the plaintiff introduced a certified copy of the judgment roll in the case of *Beekman* v. *Hamlin* and rested.    The defendant sought to introduce evidence tending to prove facts showing that said judgment had been paid; that is, that several times after the rendition of the judgment said parties had various business transactions and full settlement; but all of this evidence was

excluded and exceptions taken. The court then directed a verdict for the plaintiff.

*Francis Fitch,* for Appellant.

*P. P. Prim, H. K. Kanna* and *C. W. Kahler,* for Respondent.

STRAHAN, J., delivered the opinion of the court.

The judgment sought to be revived in this case was rendered on the fifth day of February, 1861, and the record does not show that any execution was ever issued thereon. This proceeding was commenced on the nineteenth day of March, 1889, so that more than twenty-eight years intervened between the date of the entry of judgment and this attempt to enforce it. The only question I have thought it necessary to consider is, what effect has the lapse of time upon the right to enforce this judgment, independent of the statute of limitations; in other words, what would be the rights of the parties in this case if no statute of limitations were in force in this State. And this presents the question, what effect has the lapse of time, in this State, upon the right of a party to have a judgment renewed by the statutory proceedings. Does the common law presumption of payment after twenty years arise in such case, and what is its effect? Section 172, Wood on Limitation of Actions, says: "In all those States where sealed instruments or 'specialties,' as they are technically called, are expressly brought within the statute, the statute begins to run from the time when a cause of action arises thereon, and the bar is complete at the expiration of the statutory period, while in those States in which this class of instruments are not provided for, the common law presumption of payment attaches from the time when the cause of action arises and becomes complete as a presumptive bar at the expiration of twenty years from that time; and the mere lapse of twenty years without any demand of itself, raises a presumption of payment." And the same author says in section 30 of the same work that a judgment obtained in the United States court or in the

court of the State where the remedy is sought, is within the provisions of the statute; that is, the statute in relation to specialties,—twenty years. The rule of presumption, when traced to its foundation, is said to be a rule of convenience and policy, the result of the necessary regard to the peace and security of society. No person ought to be permitted to lie by whilst transactions can be fairly investigated and justly determined, until time has involved them in uncertainty and obscurity, and ask for an inquiry. Justice cannot be satisfactorily done when parties and witnesses are dead, vouchers lost or thrown away, and a new generation has appeared on the stage of life, unacquainted with the affairs of a past age, and often regardless of them. After stating the inconveniences which necessarily result from a contrary rule, the court in the same case says: "In a word, the most solemn muniments are presumed to exist in order to support a long possession; the most solemn of human obligations lose their binding efficacy and are presumed to be discharged after many years." *Foulk* v *Brown,* 2 Watts, 216.

So in *Tilgman* v. *Fisher,* 9 Watts, 441, the court said: "Such a lapse of time, in the absence of repelling evidence, is sufficient in law, without more, to raise a presumption of payment that would be binding upon both court and jury, so as to entitle the defendant, under a plea of payment, to a verdict and judgment in his favor. But being merely a presumption of the defendant's having made payment, it may be rebutted by proof of intervening circumstances, such as a demand of payment, payment of part by the obligator, his admission that the debt is still due, or his inability to pay it within the twenty years."

And in *Rhodes, Ex.,* v. *Turner and wife,* 21 Alab. 210, the principle under consideration was directly applied to a judgment, the court saying: "If a final judgment had been rendered, according to the principles of the common law it would be presumed to have been paid after the expiration of twenty years; and if the parties allowed this period to elapse, without taking any steps to compel a settlement,

we think the presumption of payment arises, and the executor or administrator should be exempted from the necessity of hunting up evidence to prove accounts and vouchers which ordinarily enter into such settlements, and which, after such a lapse of time, it would, perhaps in most cases, be impossible for him to obtain." So in *Simms* v. *Augsterry,* 4 Strob. Eq. 103, the court applied the same principle after a very careful examination of the subject. After adverting to the statute of limitations as one of the means of giving repose to stale subjects of litigation, the court remarked: "We have another system of rules, founded upon what is called the doctrine of legal presumptions, which prevail alike in courts of law and equity, and which are eminently subservient to the quieting of titles, and the prevention of litigation arising upon obscure and antiquated transactions. If these legal presumptions require a longer period than statutory bars to acquire force and effect they are more general in their operation. They are highly conducive to the peace of society and the happiness of families; and relieve courts from the necessity of adjudicating rights, so obscured by time and the accidents of life, that the attainment of truth and justice is next to impossible. * * * These legal presumptions by which conflicting claims and titles are set at rest, I have endeavored to show are natural and necessary. They spring spontaneously out of the institutions and relations of property. As to the precise time at which they arise, each independent community must judge for itself. We have adopted the law of the mother country. In South Carolina, as in England, by the lapse of twenty years without admission, specialties and judgments are presumed to be satisfied and trusts discharged." And *McArthur* v. *Carrie's Adm'r.*, 32 Alab. 75, is a very carefully-considered case and to the same effect. And this is followed by *Goodwin* v. *Baldwin,* 59 Alab. 127. Many other authorities are to the same effect. *Ray* v. *Pearce,* 84 N. C. 485; *Olden* v. *Hubbard,* 34 N. J. Eq. 85; *Lyon* v. *Adde,* 63 Barb. 89. In this latter case the court states what we conceive to be the

correct rule, thus: ''In the case of· an obligation which can be extinguished by an act *in pais*,—such as payment, —there is an absolute presumption of payment after twenty years. It is a presumption of law, and can be rebutted only by some positive act of unequivocal recognition, like part payment, or a written admission, or at least a clear and well-identified promise or admission, intelligently made, within the period of twenty years." And in *Olden* v. *Hubbard, supra*, it was expressly averred in the bill that non-payment had been made on the mortgage which was sought to be foreclosed for more than twenty-three years, and that the principal and interest were then due and owing; and on demurrer to the bill it was held, that while the demurrer admitted all material facts, these statements were not admitted because they were rather conclusions than averments of facts; and it was further held that any existing facts which would repel the presumption of payment must be averred in the bill.

In *Cope* v. *Humphreys*, 14 Serg. & R. 15, it was held that after the lapse of twenty years a judgment is presumed to have been satisfied unless there be circumstances to account for the delay. And in the opinion of the court in that case, Peake's Ev. 481 is cited where it is stated that twenty years is presumption of payment of a bond, and the same rule applies to a *scire faci* ts for execution on a judgment. And *Miller* v. *Smith's Exer.*, 16 Wend. 425, is to the same effect. It is not possible to site all the cases bearing on this interesting subject, but the following may be added as additional illustrations of the principle involved: The *State of Tennessee* v. *Cherry*, 36 Ga. 388; *Roe* v. *Willingham*, 47 Ga. 540; *Whitney* v. *French*, 25 Vt. 663; *Anderson* v. *Settle*, 37 Tenn. 202; *Diamond* v. *Tobias*, 12 Penn. St. 312; *Reynolds* v. *Green*, 10 Mich. 356; *Howland* v. *Shirtliff*, 2 Met. 26; *Anderson* v. *Smith*, 3 Met. (Ky.) 491; *Cheever* v. *Perley*, 11 Allen, 584; *Inches* v. *Leonard*, 12 Mass. 379; *Summer·ville* v. *Holliday*, 1 Watts, 507; Freeman on Judgments, § 464; 1 Greenleaf Ev. § 39.

2. The foregoing authorities hold with great uniformity

that the lapse of twenty years creates a presumption of law that specialties, including judgments, have been paid, but this presumption is not, under all circumstances, absolutely conclusive. It may be disputed and overcome; in what manner this may be done, or what shall be sufficient to produce that result, the authorities are not agreed. Some of the authorities hold that any evidence tending to prove non-payment may be sufficient; that the fact must be found by the jury, and that any evidence ordinarily competent on the question of payment, if it satisfies the jury, is all that the law requires. Another class of cases, and which we think have the better reason to support them, hold with *Lyon* v. *Adde, supra,* that this presumption is one of law and can be rebutted only by some positive act of unequivocal recognition, like part payment or a written admission or at least a clear and well-identified verbal promise of admission intelligently made within the period of twenty years. So, in *Cheever* v. *Perley, supra,* it was held if parol evidence was relied upon to control the presumption, it should clearly show some positive act of unequivocal recognition of the debt within that time, that is, within twenty years. And in *Summerville* v. *Holliday, supra,* it is said that it is not so much a presumption that the money has been paid or a right of way granted as it is the substitution of an artificial rule in the place of evidence or belief, after a delay which may have been destructive of the evidence on which a belief might be justly founded. So also in *Whitney* v. *French, supra,* Chief Justice Redfield, in speaking of this presumption, said: "It is a presumption of law and in itself conclusive unless encountered by distinct proof. It is not to be submitted to the discretion of a jury, although adversely an inference of fact, where there is any conflicting evidence. And this presumption of the payment of a mortgage or release of an estate is often made against what is believed to be the very fact, for the purpose of quieting a long adverse possession, and to prevent virtual fraud, by the setting up of dormant title long since supposed to have become extinct."

3. The pleadings in this case are so framed that it was hardly possible to properly try the real questions upon which the rights of the parties depend. The defendant, instead of directly pleading in his answer that he had paid the judgment mentioned in the plaintiff's pleading, alleged evidentiary facts, which, if proven, would have tended very strongly to establish the fact of payment. This was bad pleading on the part of the defendant; but the objection I think ought to have been taken by motion and not by demurrer. It related more to the form of the pleading than it did to the substance; but there is neither demurrer nor motion in the record, and we cannot know just what objections were urged against this pleading, nor in what form, further than is recited in the journal entry, that it was by demurrer. The defendant seems to have acted at the trial on the assumption that the facts alleged in his answer remained a part of the record because he offered proof on the point originally alleged, but the same was objected to and excluded. The facts which the defendant offered to prove at the trial were, that for several years after the rendition of the judgment attempted to be revived, the plaintiff and the defendant had large dealings together and many settlements and business transactions together. This was evidence to go to the jury which they would have had the right to consider if the pleadings were in such a condition to render it admissible; but of this there is considerable uncertainty. But I think the plaintiff's pleading is also insufficient, in that it fails to allege any facts or circumstances which would excuse the long delay or which tended to continue the defendant's liability after twenty years. This was expressly held to be necessary in *Olden* v. *Hubbard, supra.* Several other questions were discussed by the appellant's counsel, but their consideration is deferred for the reason the record is not in proper condition to present them.

The judgment will be reversed and the cause remanded, and if, in view of the opinion of this court, either party shall deem it necessary to amend his pleading and re-qry

the case in the court below, no doubt that court will afford either or both of the parties an opportunity to do so. We have purposely avoided saying anything in regard to the statute of limitations for the reason that if that objection were available to the defendant, it was apparent on the face of the plaintiff's pleading, and should have been taken by demurrer.

Let the judgment be reversed.