Ruffin, C. J.
 

 The parties have taken voluminous proofs upon the questions of facts, oii which they are at issue, in respect to the delivery of the alleged deed and its cancellation. It is a subject of regret, that the cause cannot be determined on its merits, as, on those proofs, they seem to- the Court to be. If the plaintiff’s uncle had the instrument prepared, and executed and delivered it, as alleged in the bill, there would be little doubt, that if he did not convey, he intended to convey, his estates to théplaintiff, and it must be the wish of every one, that such intention should not fail by reason of deficiencies in the instrument, which the law will not allow the Court tb supply.
 

 
 *378
 
 Could the decision be made on the matters of fact* it might, in a casé of the nature and magnitude of the present. be the duty of the Court to arrange and hándlé the evidence in detail. But it is unnecessary, if it would not be, in some degree, improper, to go iritd it ón this occassion, as the instrument appears to the Court to be in itself so vague and uncertain, that the plaintiff must fail; however clear his proofs might be of its formal execution.
 

 Courts are always desirous of giving effect to instruments according to the intention of the parties, as far aá the law will allow. It is so just and reasonable, that it should be so-, that it has long grown into a maxim that favorable constructions are to be put on deeds :
 
 bénigne faciendcB sunt interpretationes chartarum-, xit res magis valeat qxiam pereat.
 
 Hence; words, when it can be seert that the parties have so used them, may be received in a sense different from that which is proper to them; and the different parts of the instrument may be transposed in order to carry out the intent. Yet instruments are not unfrequently brought under adjudication, which aré sd repugnant or uncertain, that they cannot be upheld. The degree of uncertainty, Which shall vitiate U deed, it is admitted, must be such; that the meaning cannot ba ascertained: who, for example; are the contracting parties, or what, thing is the subject of the contract. An effort is to be made to give sorhé meaning to the deed, if possible. If however, there be such an uncertainty as one'of those supposed, the instrument, of necessity, must fail; for, to give a deed any sensible operation, it must describe the subject matter of the conveyance, so as to denote upon the instrument what it is in particular, or by a reference to something else, which will render it certain* The want of such a description or reference in this deed is a defect, which renders it totally inoperative.-
 

 
 *379
 
 It purports to give “all
 
 that messuage and tenement,
 
 with all and singular its appurtenances, and all houses, outhouses, lands, negroes, stock of horses, cattle, sheep and hogs, and notes and
 
 money,
 
 remainder and remainders, rents and services of
 
 the said premises,
 
 and all the estates,, right, title, interest, property claim and demand whatsoever of him, the said John Kea, of in and to
 
 the said messuage or tenement lands and premises,
 
 and of in and
 
 to
 
 every part and parcel thereof with the appurtenances.” If one is asked,
 
 what
 
 messuage or tenement
 
 is that
 
 meant, or
 
 what
 
 are
 
 the
 
 lands, or
 
 which
 
 are
 
 the negroes,
 
 stock of horses &c. described and intended to be passed by this deed, the answer m ist be, there are none in certainty; nor are there any means of rendering them certain. The deed professes, for example, to convey
 
 “that
 
 messuage,” but without going on to describe or in any manner designate
 
 the
 
 messuage; it leaves, as it were, a blank. The parties could have filled it up ; but the Court has no power to do so. The same uncertainty exists as to the negroes and other articles of personalty mentioned. The deed does not describe a negro by name or in anj? other manner. If there had been a reference to those then own.ed by the maker, it would have been sufficient. But it says only “negroes” at large, as it speaks of the messuage and lands and houses. The plaintiff does not even construe it as conveying the land or negroes, which John Kea owned at ifs date ; for the bill does not state that he owned any land or a single slave at the date of the deed. Indeed, it claims the particular negroes set forth in the: schedule annexed to it, as belonging to the plaintiff under the deed, because they belonged to Kea at his death or are their descendants. It was argued, indeed, that the subjects of the conveyance, namely, the lands, negroes, stock of horses &c are indentified as those owned by John Kea at the making of the deed, by the words preceding the clause
 
 of habendum,
 
 “now in the hauds of
 
 (or)
 
 
 *380
 
 custody of the said John Kea-” But the argument cannot possibly be supported. It is directly opposed to the claim of the bill, just mentioned, which however is only material, as it shews that even the plaintiff could not read the deed in that sense. But the construction is in itself altogether wrong. Those words do not at all refer to the lands, negroes. &c. previously mentioned, as descriptive ofsuch lands and negroes &c. and intended to certify them, but solely to the “deeds, evidences, and witness concerning the said premises only,” which immediately precede the expressions “now in the hands or custody of the said John Kea, or which he may get or come by without suit in law.” This is a familiar provision in the precedents of deeds, and it means simply that the maker of the deed intends to pass all the title papers which concern the estate by the deed conveyed, and that only, provided he then has the title papers or can get them without the trouble or expense of a law suit; but that, if the deed and other writings concern any other land than the premises thereby conveyed, then the grantor does not mean to pass them, but to keep them for his own use and protection. The term “only” after “premises” demonstrates this to be the sense of the clause; and it is made doubly sure by the subsequent words “which he may come by’ without suit” — shewing that the whole clause has only the tille papers in its purview. That is the natural construction from the structure of the sentence and applying the relative to the next antecedent. It is true, as has been already said, that the law does not insist very strenuously on grammar, on the due order of the provisions of a deed, but will, if need be transpose sentences to give some efficacy to the deed. But that cannot be done, unless there be something in the instrument which shews, that, reading the deed as it is, will defeat the intention, and that by transposing words or sentences or leaving out payts, the deed will be rendered effectual in the manner
 
 *381
 
 intended by the parties,
 
 though badly
 
 expressed. When parts of the deed are transposed, it is because the sense requires it; and it can never be done against the sense A provision, relative to one subject, cannot be torn from that subject and applied to another, in order to give a different meaning to the instrument. It is only when it can be plainly seen, that kindred provisions are unskilfully separated, that they can be brought together, in order to effect the construction. Here nothing like that can be seen. The clause under consideration is appropriately expressed, as applied to the title papers, and cannot be misunderstood. It is obviously copied, as well as other formal parts of the deed, from some printed precedent by an ignorant person, who did not know how to fit it to a particular case. The precedent, of course, did not describe any land in particular, but left that blank, and the copy was made exactly, both in its words and its blanks, where negroes, houses &c. and the appointment of guardians are awkwardly introduced. To carry back this clause respecting the title papers (which is perfectly intelligible and proper- where it stands) sq as to make it qualify the description of the subjects of the conveyance in the former parts of the deed, would do violence to the obvious sense o.f the provision and defeat, instead of effecting, the intent of the parties in that clause. The truth is, that the deed is fo,r ‘-‘land and negroes” at large, and so vague as not to be susceptible of a construction, which will fit any thing in particular to it, and, therefore it did not convey any thing, and the plaintiff has sustained no loss by its being cancelled.
 

 Per Curiam.
 

 Bill dismissed with costs.