W. H. RYAN and others v. JAMES McGEHEE.

*Deed—Words of Conveyance—Evidence—Affidavit.*

1. A deed, conveying land "unto the said R, in trust for B and others as aforesaid and their heirs," (R being one of those named in the preceding recitals of the deed as entitled to the equitable estate), convey an estate in fee to R the trustee.

2. When, in an action of ejectment, M is made a party defendant upon the affidavit of an agent which alleges among other things that " M claims title to the land sued for under the same party under whom the plaintiff claims ;" *Held,* that the affidavit is incompetent to establish the fact that M and the plaintiff claim title under the same party.

*Murray* v. *Blackledge,* 71 N. C., 492 ; *Triplett* v. *Witherspoon,* 74 N. C., 475 ; *Hare* v. *Jernigan,* 76 N. C., 471, cited and approved.

CIVIL ACTION to recover land, tried at Spring Term, 1880, of GUILFORD Superior Court, before *Seymour, J.*
Judgment for plaintiffs, appeal by defendant.

*Messrs. J. N. Staples* and *J. T. Morehead,* for plaintiffs.
*Messrs. Scott & Caldwell,* for defendant.

SMITH, C. J. The plaintiffs claim title to the land described in the complaint, through successive conveyances, commencing in 1835 and ending in a deed from the sheriff of Guilford, executed in January, 1870, to William Ryan, trustee for himself and others named, who with the heirs at law of the trustee, made parties since his death, as plaintiffs, prosecute the action.

At the return term, after the complaint was filed, application was made by B. F. Martin, and he was permitted to become a defendant upon the following affidavit : " W. A. Martin maketh oath that he is the agent of B. F. Martin, and that the defendant, McGehee, is the tenant of said B. F. Martin, who claims title to the land sued for in this action,

under the same party under whom the plaintiff claims, and that he is advised that said B. F. Martin is a necessary party to a complete determination of the question involved." (Signed by W. A. Martin, and sworn to before the clerk of the superior court, on the 10th of September, 1877.) Thereupon the admitted defendant answers and denies the allegations of the complaint.

The court directed the jury,

1. To find a general verdict for the plaintiffs or the defendant, and to pass upon the following special issues:

2. Does the defendant claim the land in controversy under the same party as the plaintiffs, to-wit: the Deep River Mining Company, of the City of Baltimore?

3. What are the plaintiffs' damages?

The jury rendered a verdict for the plaintiffs and estimated the damages at $150.

On the trial the defendant offered no evidence, and the plaintiffs, in the opinion of the court below failing to show title under the deeds, proposed to estop the defendant from disputing that of the corporation, the alleged common source of the claims of both, and for this object introduced the affidavit of W. A. Martin. The defendant opposed its reception, as incompetent for that purpose, and, if received, insists upon its insufficiency to establish the fact.

The affidavit was admitted and read, and is the only evidence submitted to the jury to support their finding upon the second and principal issue.

The defendant contends further that the sheriff's deed, purporting to convey the estate of the said corporation to the trustee, Ryan, for want of words of inheritance, vested in him an estate for his life only, which expired at his death, and therefore no recovery can now be had.

These are the only exceptions we deem it necessary to notice, and we proceed, reversing their order, to examine and dispose of them:

I. The sheriff's deed for the land undertakes to "bargain" sell and convey unto the said William H. Ryan in trust for L. P. Bayne and *others* as aforesaid *and their heirs*, in as full and ample manner as he, the sheriff, is empowered by virtue of his office and the writ of *venditioni exponas.*"

The court ruled, and in our opinion correctly, that the deed was in form sufficient to pass the fee in the land.

The trustee is himself one of those named in the preceding recitals, as entitled to the equitable estate, and is consequently included in the super-added word, "*others.*" It is obvious, from the entire scope of the deed, that its purpose was to convey the full estate of the corporation in the land, and any restricted interpretation involves the inconsistency of passing a limited legal estate to the trustee, and an equitable estate in fee to himself and those for whom he holds. The difficulty is removed by annexing the words "their heirs" to the persons named and referred to, as well the trustee as the *cestuis que trust*, and making the legal and equitable estates of equal duration, and this we think is a fair and reasonable construction of the instrument and carries out the common intent. But if it were otherwise, the objection would not be fatal to the action, since it can be sustained by the owners of the equitable estate, who are also parties, as is decided in *Murray* v. *Blackledge*, 71 N. C., 492.

II. The affidavit, while unobjectionable as the declaration of one whose testimony has been used to induce certain actions on the part of the court for the benefit of the defendant, and to which he has thereby given credit, for some purposes, is incompetent to establish the fact in support of which it is introduced. Lands can only be conveyed *inter vivos* (except for a term of years) and the legal title thereto acquired and transmitted, by deed duly proved and registered in conformity with the requirements of the statute, and the fact is shown by its production or a copy in

case of loss or destruction. *Triplett* v. *Witherspoon*, 74 N. C., 475; *Hare* v. *Jernigan*, 76, N. C., 471. The estoppel set up against the defendant presupposes the existence of a deed in proper form from the corporation to the defendant, or some one under whom he claims; and admissions written or oral, which in this respect are of equivalent import, cannot be substituted as evidence so as to dispense with the production of the deed itself after registration, or a copy, or an explanation of its absence. To allow this would be to render titles insecure, and in judicial proceedings, dependent upon the uncertain memory of witnesses.

Suppose for illustration the plaintiffs had offered in support of their title no other evidence than the defendant's declaration that they were the owners of the land, would this alone be sufficient to determine the issue as to title, and warrant a recovery? And does the admission in the answer, in its widest scope, prove any more? It is a mere acknowledgment that the parties to the suit derive their opposing claims from a common source, under conveyances from the same corporation, and, if incompetent or insufficient to show the execution of a deed to the plaintiffs, must be equally so, to prove the execution of any, mediate or direct, to the defendant, to operate as an estoppel upon him. Still less does it point to the *corporation as that common source*, in preference to the numerous preceding owners, whose deeds were exhibited, as constituting the plaintiffs' claim of title, broken at its attempted connexion with the corporation.

The evidence itself utterly fails to show at which one of the many links in the chain the divergent streams of title arise, and there is nothing to support the verdict fixing this starting point in the corporation, rather than in one of the preceding owners, and so the jury ought to have been instructed.

In another aspect of the case the use made of the affidavit

is self-contradictory. It is relied on in proof of an attempted conveyance to the defendant to conclude him from questioning the right of the corporation, and the absence of such deed, as evidence of the plaintiffs' superior title. For one purpose it is assumed that there is such a conveyance; for another, that there is none, and the proof is deduced from the same declaration.

Aside from this, it may be asked, how can the plaintiffs have judgment upon a verdict which simply finds, as a fact, that both parties undertake to derive title to the land from the same corporation owner, but does not find in whom is the superior and better title? We lay out of view the general verdict for the plaintiffs, because this rests wholly upon the finding on the second issue, and is only a deduction from it. Except by the aid of the estoppel, as the court decided, the plaintiffs cannot recover, and the error in regard to the estoppel pervades the other findings.

It must be declared there is error and the judgment below is reversed and a new trial awarded. Let this be certified.

Error.                                   *Venire de novo.*