N. W. RAY, Adm'r v. OLIVER W. PEARCE and others.

*Mortgage Debt, presumption of payment of—Evidence—De-
clarations.*

1. A mortgage debt will after lapse of time (here thirty years) be pre-
sumed to be paid unless circumstances be shown, such as payment of
interest, to repel the presumption. Rev. Code, ch. 65, § 19. A recon-
veyance of the legal estate will also be inferred against the mortgagee
(or his assignee) even although the deed and bonds secured remain in
his possession.

2. Declarations of parties during their respective occupation of land,
cannot have the effect of divesting or changing an estate, and are in-
admissible in support of claimant's title.

(*Roberts* v. *Welch*, 8 Ired. Eq., 287; *Brown* v. *Becknall*, 5 Jones Eq.,
423; *Roberts* v. *Roberts*, 82 N. C., 29; *Ryan* v. *McGehee*, 83 N. C., 500,
cited and approved.)

SPECIAL PROCEEDING to sell land for assets commenced
before the clerk, and tried at Fall Term, 1880, of CUM-
BERLAND Superior Court, before *Avery, J.*

The plaintiff, administrator of J. W. Pearce, in his appli-
cation for a decree of sale of the land of his intestate for the
payment of debts, specifies among others a tract known as
the " Pearce Mill Place," of an undivided moiety of which
he alleges the intestate to have been seized and possessed at
the time of his death, and which descended to the defend-
ants, his children and heirs at law. The defendants deny
the allegation and set up title in themselves under the will
of Ann Pearce, their aunt.

The land in controversy belonged to Thomas C. Hooper,
who, on the 1st of August, 1820, conveyed it in fee to
Clarissa Pearce, the mother of the intestate and the said
Ann Pearce. She on the same day executed a mortgage
deed therefor to Cyrus Dyer to secure her three several bonds
of that date, drawn payable to him and endorsed for her

benefit, each in the sum of $233.33, maturing at six, twelve and eighteen months respectively, with condition to be void if the mortgagor paid the debts as they became due, and she fully indemnified the said Dyer, her surety, in the premises. Clarissa afterwards intermarried with one Howell and resided on the land with said Ann, until her death in 1853.

The bonds were produced in evidence for the defendants. On the back of that first maturing is a partly obliterated acknowledgment of full payment in 182 , the last figure torn off. On the second is endorsed under date of June 1st, 1821, a partial payment of $137.22, and an undated receipt in full. On the third are three credits—$100 paid by J. W. Howell, September 11th, 1822; $20 by the same, March 10th, 1824; $50, by whom paid does not appear, March 29th, 1825; and there is an anterior entry endorsed in these words, "Received the within of C. Dyer," signed by Thomas C. Hooper.

The defendants, to show sole seizin in their testatrix who devised all her real estate to them, proposed to prove by Ella, one of their number, that the bonds and mortgage deed were kept among the valuable papers of the testatrix and in her exclusive possession up to the death of her mother; that J. W. Pearce, her brother, while managing the farm professed to be acting for said Ann, and that both Clarissa and her husband, Howell, declared that the land belonged to Ann Pearce, and she had sufficient means to take up the mortgage bonds. It was in proof that J. W. Pearce and Ann Pearce died in 1879, and that Howell was dead at the institution of the suit. It was admitted that the mortgage had been foreclosed.

The court held that the offered testimony, if received, was insufficient to show title exclusively in the testatrix, and refused to admit it. There was a verdict against the defendants on the issue, and from the judgment thereon they appealed.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. McRae & Broadfoot,* for defendants.

SMITH, C. J.  The equitable right to have the legal estate restored upon payment of the encumbering debt remained in Clarissa, the mortgagor, after the making of her deed and after default, and such payment is presumed from the lapse of time since forfeiture, or the last payment reduced to ten years under the statute. Rev. Code, ch. 65, § 19. More than thirty years had passed since the forfeiture, and nearly that period since the last known payment on the secured debt, during which and for the residue of her life the mortgagor remained in the possession and use of the land without interruption from the mortgagee. "As the mortgagor," remarks Chief Justice RUFFIN, referring to the rule in England, "is shut out of redemption by the mortgagee's possession for twenty years, it was thought reasonable and convenient that the bar should be reciprocal on the mortgagee who did not act on his debt or mortgage until the debt was presumed to be satisfied by the lapse of twenty years." *Roberts v. Welch,* 8 Ired. Eq., 287. The supreme court of the United States, in *Hughes v. Edwards,* 9 Wheat., 489, lay down the rule in similar terms when the mortgagor retains possession, that the " mortgage will after a length of time be presumed to be discharged by the payment of the debt or a release, unless circumstances be shown to repel it —as payment of interest or some acknowledgment of the mortgagor that the mortgage is subsisting." The same proposition is asserted in *Brown v. Becknall,* 5 Jones Eq., 423, in terms equally explicit, and the Chief Justice adds that "loose declarations, such as are proved in the case, after the right is presumed to have been abandoned, cannot be allowed the effect of rebutting the presumption."

The estate thus freed from the mortgage and vested in the said Clarissa, descended to her children and heirs-at-law,

the intestate and his sister, Ann, as tenants in common, and they thus having title continue in consistent possession and use of the premises afterwards. The legal consequences of the common occupancy of the rightful owners the defendants seek to obviate, and to show the transfer of the estate of the one to the other tenant in common and thus vest the entirety in the latter, by proof of declarations made by Clarissa and her husband and by the intestate, while they were respectively in possession, that the land belonged to Ann Pearce. His Honor ruled and in our opinion correctly, that the evidence, though competent as qualifying and explaining the possession then held by the several parties when material in a controversy, is insufficient to warrant the jury in finding that the moiety of the intestate has been transferred to his co-tenant, thus giving the sole seizin to her. Declarations of a party in possession are received in disparagement or qualification of his title and to remove its apparent hostile character, but when they proceed from the owner himself in the occupation, they cannot have the effect of divesting or changing his estate, for the simple reason that the title to land does not pass by parol. *Hurman* v. *Pellett,* 7 E. C. L. Rep., 75 ; 1 Greenl. Ev., § 109 ; *Roberts* v. *Roberts,* 82 N. C., 29; *Ryan* v. *McGehee,* 83 N. C., 500.

The argument for the defendants, pressed with earnestness, is, that the possession of the mortgage deed and bonds by the testatrix, presupposes an assignment of both to her, and that the former remains in force for the security of the latter. To this the answer is obvious. The statute raising the presumption of satisfaction of the bonds by whomsoever held, in support of the mortgagor's long and uninterrupted possession, presumes also a reconveyance of the legal estate to her. The assignee of the bonds, if there has been an assignment, (and the possession and production of satisfied bonds and a discharged mortgage deed furnish very slight if any evidence of the alleged assignment) stands in no more

favorable relation to the mortgagor or the mortgage than would the assignor. The reconveyance is equally inferred against both. It is plain then that the defendants acquired their father's share in the land by descent, and did not derive the entire estate under the devise from their aunt of all her real estate.

There is no error and this will be certified.

No error.                                    Affirmed.