ELI GRAYBEAL and wife EMILA v. A. C. DAVIS et al.

*Action to Recover Land—Deed—Estoppel—Evidence—Presumption—Title.*

1. In an action to recover land the plaintiff must recover upon the strength of his own title; and it is incumbent on him to show a grant from the State, or possession sufficiently long to presume a grant, or that the defendant is estopped to deny his title.

2. The mere declarations of one, under whom the defendant in an action to recover land claims, will not work an estoppel, no matter how specific, or whether written or oral, if the person making them was not at the time in possession; to produce such a result it must be shown that the party making such declaration, at that time, claimed title or interest in the land, however defective, under deed, bond or contract under the alleged superior title.

3. While *it seems* that the declarations of one *in possession at the time*, may operate as an estoppel, to give them such effect they must constitute a clear and definite recognition of the alleged superior title.

4. The fact that the husband of a woman who claimed title to a tract of land, sold and conveyed it to another person, does not, *per se*, raise a presumption that he claimed under his wife.

5. A deed conveying to B a tract of land, &c., "together with every right, title, privilege and emolument to said land belonging * * * and he (the vendor) doth hereby bind himself, his heirs, executors or administrators well and truly to defend the said premises * * * to the said B, his heirs and assigns forever, and clear from all incumbrances and claims whatsoever," passes an absolute estate in fee.

(*Ryan* v. *McGehee*, 83 N. C., 500; *Ryan* v. *Martin*, 91 N. C. 464; *Pulliam* v. *Ricks*, 94 N. C., 225, cited and approved.)

This was a CIVIL ACTION to recover a tract of land, tried at the Fall Term, 1886, of ASHE Superior Court, before *Montgomery, Judge*.

In support of their title the plaintiffs offered in evidence a deed from John Bower to George Bower, dated 25th of August, 1808, a deed from George Bower to David Earnest, dated November 19th, 1810, and a deed from David Earnest to Andrew Shearer, dated 7th of March, 1812.

The plaintiff insisted that the deed from John Bower to George Bower passed the absolute estate, the operative words of which are: " That he, the said John Bower, $*$ $*$ $*$ hath bargained and sold unto him, the said George Bower, a tract of land containing 100 acres, lying, &c., &c., together with every right, title, privilege and emolument, to the said lands belonging, or in anywise appertaining ; and he, the said John Bower, doth hereby bind himself, his heirs, executors or administrators, well and truly to warrant and defend the aforesaid premises, with all their appurtenances, to the said George Bower, his heirs and assigns forever, and clear from all incumbrances and claims whatsoever."

Plaintiff also offered evidence tending to show that Andrew Shearer lived upon said land up to the time of his death, which took place in 1817. There was no evidence of any possession of the land prior to the possession of Shearer ; that the said Shearer left him surviving his wife Elizabeth, and one daughter by said marriage, and that the daughter died about one year after the death of her father ; and said Elizabeth survived her husband and died on the 13th of November, 1866 ; that on the ____day of_____, 1819, said Elizabeth conveyed six and one-quarter acres of said land to George Bower.

The said Elizabeth Shearer afterwards intermarried with one Andrew Shown, and moved with him to the State of Tennessee, where they resided up to the time of their death.

Plaintiffs also introduced evidence of the declaration of one Peyton Colvard that he claimed the land in controversy under the said Andrew Shown, and also the declaration of one William Wyatt that he had purchased a part of said land (that part now occupied by defendant Neal) from the said Colvard ; and the plaintiff also introduced evidence tending to show that George Bower, Jr., under whom the defendant Davis claimed, purchased the other part of said land from the said Colvard.

Plaintiff also introduced evidence that defendant Neal claimed that portion of the land of which he was in possession, through conveyance from the said William Wyatt, and that the defendant Davis claimed that portion of which she was in possession under the will of George Bower. This evidence was offered to show that the defendants claim from Andrew Shearer.

Plaintiffs also showed that said Andrew Shearer left him surviving no heir except the daughter above mentioned, and at the time of his death he left him surviving five brothers and sisters his collateral relations; that one of his sisters, Susan, had married the said William Wyatt; that she, the said Susan Wyatt, died in 1865, leaving the plaintiff Emila and one Alexander Wyatt, her only children, heirs at law; and that William Wyatt, her husband, died in 1859; that the plaintiff Emila married in 1840 and continued under coverture to the beginning of this action.

There was no evidence of any possession of the land by plaintiff or those under whom plaintiff claims, after the death of Andrew Shearer, and no evidence as to how long Andrew Shearer lived or was in possession of said land. There is no evidence that Shown was ever in possession of said land, or that he claimed in right of his wife.

The defendant Neal introduced in evidence a deed conveying in fee with general warranty, all that portion of the land in controversy, of which he is in possession, from the said Susan Wyatt, plaintiff's mother and one of the sisters of Andrew Shearer, to her son Alexander Wyatt, which deed was executed after the death of William Wyatt; and a deed from Alexander Wyatt conveying the same to one James Eller, and a deed from Eller to himself. Defendant also introduced a will of William Wyatt, the father of plaintiff, in which will the land in controversy is devised to said Alexander Wyatt in fee; and other land owned by said William Wyatt, in the same will, is devised to the plaintiff, and it was

proved and admitted that the *feme* plaintiff accepted said land so devised to her, and has continued to occupy the same since the death of her said father, under this title and no other.

The defendant Davis offered evidence to show that George Bower, Sr., was the man to whom the deeds from John Bower and Elizabeth Shearer, before mentioned, were made, and not her husband, who was a younger man than the other; that George Bower, Sr., died about 1845 or 1850; that George Bower, Jr., under whom defendant Davis claimed, was a son and heir-at-law of John Bower, who executed the deed of the 25th of August, 1808, to George Bower, Jr., and she claimed the same under the will of her husband.

The plaintiff insisted that there was some evidence to go ·so the jury that the defendants claimed the land in controversy under Andrew Shearer, under whom the *feme* plaintiff claimed, and her only ground for recovery was that the defendants were estopped to deny plaintiff's title.

The defendant Neal insisted that the plaintiff had shown no title to said land; and further, that by the deed of plaintiff's mother to Alexander Wyatt, the plaintiff was esstopped from claiming the said land; and that by the will of William Wyatt, her father, and her election to claim under the same, she is also estopped, and cannot recover.

The defendant Davis insisted that the deed from John Bower conveyed only a life estate to George Bower, of date . 1808, the remainder after the death of George in 1845 or 1850, descended to the husband of this defendant, and that she took the same under the will.

And both defendants insisted that as there was no evidence that either Colvard, Wyatt or Shearer claimed the land under Andrew Shearer, the plaintiff could not recover.

The Court intimated an opinion that if the evidence was believed by the jury, the plaintiff could not recover, and thereupon the plaintiff submitted to a judgment of nonsuit and appealed.

*Mr. D. G. Fowle,* for the plaintiffs.

*Messrs. G. N. Folk* and *Theo. F. Davidson,* for the defendants.

ASHE, J., (after stating the facts). In this case the learned counsel for the plaintiffs went into an elaborate and ingenious argument before us, upon the question of the descent of the title to the plaintiffs, relying on the principle enunciated in the cases of *Laurence* v. *Pitt,* 1 Jones, 344; *King* v. *Scoggin,* 92 N. C., 99, and that class of cases, to show that the plaintiff did not derive her title to the land from her mother, Susan Wyatt, and was therefore not barred by the deed made by her mother to her brother, Alexander Wyatt.

But it is immaterial from whom the plaintiff claimed to derive title to the land by descent, whether from her mother, Andrew Shearer, or the child of Andrew Shearer, or *quaqunque via data.* The plaintiff could only recover upon the strength of her title, by showing a grant from the State, a long possession from which a grant could be presumed, or an estoppel upon the defendants. Neither of these have been shown by the plaintiff. No grant from the State was offered in evidence, nor any possession by any one from whom she claimed title, except that held by Andrew Shearer from the time of his purchase in 1812 to his death in 1817. But she contended that it was not necessary to show any title out of the State, for the defendants both claim title to the land from Andrew Shearer, and are therefore estopped to deny his title, and as she has derived the better title from him, she is entitled to recover.

To establish the estoppel of the defendants, the plaintiff offered evidence of the declaration of one Peyton Colvard that he claimed the land in controversy under the said Andrew Shown, the second husband of Elizabeth, the widow of Andrew Shearer, and also the declarations of William Wyatt that he had purchased a part of said land (that part now occupied by defendant Neal) from the said Colvard; and

the plaintiff also introduced evidence tending to show that George Bower, Jr., under whom the defendant Davis claimed, purchased the other part of said land from the said Colvard. Conceding that an estoppel like that here attempted to be set up by the plaintiff upon the defendants, can be established by mere declarations, those offered in this case are too uncertain and indefinite to be relied upon for such a purpose. There is nothing to show when, or under what circumstances they were made, nor when Colvard derived his alleged title from Shown, whether before or after his marriage with the widow of Shearer, and it is not stated when they were married; nor that Shown claimed in right of his wife. For aught that appears, he may have derived his claim from Shown before his marriage, for there is no presumption that Shown claimed under his wife. But the declarations of a person not in possession, no matter how clear and specific, are insufficient to establish an estoppel of this character. Estoppel of this kind, presupposes the existence of a deed in proper form from some one under whom the defendant claims; and admissions, written or oral, which, in this respect are of equivalent import, cannot be substituted as evidence so as to dispense with the production of the deed itself after registration, or a copy or an explanation of its absence. To allow this, would be to render titles insecure, and judicial proceedings dependent upon the uncertain memory of witnesses. In *Ryan* v. *McGehee*, 83 N. C., 500; and again in *Ryan* v. *Martin*, 91 N. C., 464, it was held, that although "it is not necessary to show that the defendant has a complete title to the land, if there is no title paramount to it, it is sufficient to show that under a *valid contract* he claims to hold and has possession of the property derived from the common source. If the defendant has a bond for title, or other *contract* of purchase, or an unregistered deed for the land, and is in possession thereof, this will be sufficient evidence of a claim under the common source."

33

From these authorites it will be seen, that to work an estoppel upon a defendant in an action to recover land, there must be something more than the mere declarations of a party, and it must be shown that he claims a title or interest in the land, however defective, evidenced by a deed, bond or written contract.

In this case, to connect the defendant with the common source of title, the plaintiff has shown nothing more than the bare declarations of Colvard, that he claimed the land under Andrew Shown, nor was it shown that Colvard was ever in possession of the land.

The plaintiff thus having failed to show title to the land, she cannot recover from the defendants who are in possession, and are *prima facie* the owners of the land, and are therefore not called upon to show any title to the same. It is therefore needless to go into the inquiry whether the plaintiff is concluded by her election to take the land devised to her by the will of her father, William Wyatt.

The plaintiff has, in our opinion, failed to establish her title to the land occupied by Neal, and also to that occupied by Mr. Davis, notwithstanding she offered evidence to show that her husband, George Bower, Jr., under whom she claimed the land, was the son and heir of John Bower, and that the deed from John Bower to George Bower only carried a life estate. But she was evidently not advised of the decision in *Pulliam* v. *Ricks, supra*. But that could not operate as an estoppel upon them, because her husband never claimed the land as heir of John Bower, and as evidence that he did not do so, he purchased the land from Peyton Colvard.

There is no error, and the judgment of the Superior Court is affirmed.

No error.                                        Affirmed.