GEORGE W. FOWLER et al. v. J. E. OSBORNE et al.

*Action to Recover Land—Estoppel—Statute of Presumptions.*

In an action for the possession of land, it appeared that in 1867 the defendants' ancestor had executed a bond to the ancestor of plaintiffs, and in 1868 had made deeds to her absolute upon their face, but intended as security for a debt due by said bond, but he, defendants' ancestor, had continued and remained in possession of the lands conveyed in said deed till the time of this action, in 1890; and that in a former action between the parties hereto, to which also the personal representatives of both their deceased ancestors were also parties, pleaded by defendants as an estoppel, it had been adjudged that the debt was satisfied and the land discharged of the lien of the trust raised by said deeds: *Held,* (1) that the plaintiffs were barred of their recovery; (2) a re-conveyance of the land or abandonment of the claim to the lien was presumed; (3) the joinder of unnecessary parties did not impair the estoppel.

CIVIL ACTION for possession of land, tried at May Term, 1892, of the Superior Court of IREDELL County, before *McIver, J.*

The facts sufficiently appear in the opinion.

*Messrs. D. M. Furches* and *T. B. Bailey* (by brief), for plaintiffs.

*Messrs. Armfield & Turner* (by brief), for defendants.

AVERY, J.: The action is brought to recover possession of land conveyed by the ancestor of the defendants to the ancestor of the plaintiffs by two deeds absolute upon their face. If nothing more appeared, the plaintiffs would be entitled to an affirmative response to an issue involving the title But the defendants pleaded as an estoppel the judgment in a former action between the same parties, with the personal representatives of the mother of plaintiffs and of the father of the defendants as additional parties plaintiff and defendant respectively. The former action (which came up on appeal, entitled *Morris* v. *Osborne*, 104 N C., 609) was founded upon the allegation that the very deeds now relied on as evidence, of title were, in fact, a security for the payment of a note for $930, executed by Thomas A. Osborne, the father of defendants, on the 17th of December, 1866, and payable to Eliza H. Fowler, the mother of plaintiffs. In that action the plaintiffs, in the prayer for relief, asked (1) for judgment for the amount of the note with interest and cost; (2) that the defendant administrator Tomlinson be required to sell the land unless the judgment should be paid within a reasonable time; (3) for general relief; (4) for possession of the land. The defendants in their answer in the former action admitted that the note was given to secure indebtedness, but insisted that it was executed as security for an account instead of the note sued on, and that the note was paid, or presumed by law to have been paid, on account of the lapse of time. The defendants might

have raised an issue by denying that the deeds were in fact mortgages, and their admission of the allegation in the complaint that the deed was executed as a mortgage, though to secure an account, was equivalent to a finding on an issue when there is a denial. The jury responded to an issue submitted in that case that the debt (the note for $930) had been paid, or that the presumption of payment had arisen by the lapse of time and had not been rebutted, which, in contemplation of law, was the same thing. The adjudication between all of the parties in interest that a debt has been paid, is the very highest evidence of a fact of payment, and the effect of such adjudication, whether founded upon direct proof or unrebutted presumption, is to discharge the lien and ordinarily to leave the mortgagee under a mortgage deed, or the grantee under an absolute deed, executed as a security for the debt, as the holder of the naked legal estate compellable, in a suit brought by the mortgagor or the grantor (or the heirs of either, as the case may be) to formally discharge the lien or reconvey the land. 1 Jones on Mortgages, §§ 972 and 973; 2 *Ibid,* § 1060. But the note sued on in the former action was executed by Thomas Osborne in 1867, and the deeds on which plaintiffs rely to show title in 1868, while this action was not brought till July, 1890.

In *Ray* v. *Pearce,* 84 N. C., 485, it was held that where presumption of payment of the debt secured by a mortgage deed arose by the lapse of ten years (under sec. 19, ch. 65, Rev. Code) from the date of the note or of some act, such as the last payment made upon it, shown in rebuttal of the presumption, the Courts would presume also, as against the mortgagee or his assignee, that there had been a reconveyance, although the deed and bonds remained in the possession of such mortgagee or his assignee. In our case there had been a conclusive determination, at least of the controversy as to the payment of the debt and the character of the deed. If, with such data, a reconveyance of the legal

estate is presumed, the claim of the plaintiffs to recover on
the deed would be settled, without entering upon the discus-
sion of the question whether the issue as to title might have
been adjudicated in the former action after the record then
made by leave of Court that the plaintiffs entered a *nol. pros.*
as to the allegation of title and demand for possession set
forth in their complaint. The lapse of more than twenty
years, from January 1, 1870, to July, 1890, during which
time it seems to be admitted that the defendants were in
possession of the land, would give rise to the presumption
of an abandonment by the plaintiffs, if no other fact was
considered as concluded by the former action except that
the deed absolute upon its face was in reality a mortgage.
The admission as to the character of the deed being equiva-
lent to a finding of fact by the jury, and the debt having
been paid before this action was brought, we would be giving
a very narrow construction to the statute (*The Code*, ch. 65,
§ 19), were we to hold that even in the absence of the plea or
proof of continuous possession for twenty years or ten years
by defendants, but in the face of a plea of estoppel, under
which they show that the deed is a mortgage and the debt
paid, that the plaintiffs could recover in a Court where law
and equity are administered upon a bare legal title which
they, in contemplation of law, have either abandoned or
hold subject to the demand of the defendants for a reconvey-
ance. Supposing the former action to have been brought
originally only for a foreclosure of the mortgage, without
any allegation of the unlawful withholding of or prayer for
possession; or that the entry of the *nol. pros.* brought about
the same state of affairs, two questions were still involved
in the controversy. The plaintiff could not demand his
decree till he should establish the facts: first, that the debt
was due and owing; second, that the deed was executed as a
mortgage to secure its payment. The execution of the deeds
was admitted, but the debt was shown to have been, in legal

contemplation, satisfied. The Court adjudged that the note sued on had been paid, and upon the pleadings and verdict, certainly with the additional admission made upon the trial and recited in the decree that the defendants had been in possession since the execution of the deed, it was within the power of the Court, and it was the duty of the Judge, on motion of the defendants therein, to further adjudge and declare that the land was "discharged from the operation of any lien arising from said trust." This adjudication being binding upon the heirs at law of both of the parties to the original deed, it would follow, under the principle laid down in *Ray* v. *Pearce, supra,* that a reconveyance by Eliza H. Fowler or her heirs, to Thomas Osborne or his heirs, would be presumed from the lapse of time, and the discharge of the lien to have been actually made.

The presence of the personal representatives of both parties to the deed, in addition to their respective heirs, did not destroy the conclusive effect of a judgment as to any issue actually involved upon the heirs at law of either. The joinder of an unnecessary party even would not relieve the heirs from the estoppel created by the judgment, nor would the presence of parties, made necessary by another phase of a former action, impair the force of an adjudication of any question that should afterwards arise between parties, all of whom were before the Court when such adjudication was made.

We can thus dispose of this case without recourse to the well established principle that the parties to an action are, as a general rule, concluded, not only as to issues that were litigated, but as to matters that might have been determined therein. "The estoppel is not confined to the judgment, but extends to all facts involved in it, as necessary steps or the groundwork upon which it must have been founded." Sedgwick & Wait, etc., sec. 508.

Where the plaintiffs in an action pray for general relief, or even in the absence of any prayer at all, it is the duty of the Court to grant them such relief as the facts alleged in the complaint and proved or admitted entitle them to demand. *Harris* v. *Sneeden,* 104 N. C., 369; *Knight* v. *Houghtalling,* 85 N. C., 17.

Upon a careful scrutiny of the whole record, we think that there was

No Error.