V. ROYSTER, RECEIVER OF ELLINGTON, ROYSTER & CO., v. F. M. FARRELL AND WIFE.

*Foreclosure of Mortgage—Statute of Limitations—Acknowledgment in Writing—New Promise.*

1. An admission, in writing, that the relation of mortgagor and mortgagee exists between the parties who sign it, is an acknowledgment on the mortgagor's part that the debt secured by the mortgage has not been paid.

2. A written acknowledgment of a debt is as effective to stop the running of the statute of limitations against the right to foreclose a mortgage by which the debt is secured, as would be a payment on the debt.

3. Where, just before the sale of Farrell's property advertised to be sold
under his mortgage to Ellington, Royster & Co., the parties signed
a memorandum stating that "Farrell pays Ellington, Royster & .
Co. $10 and gives his acceptance for $350, payable 25th June, in
compromise of all claims against him, * * * and Ellington,
Royster & Co., at the request of Farrell, postpones sale under
mortgage until July 8, 1884. No further advertising is required by
Farrell, and upon payment of said acceptance mortgage to be can-
celled, and this to be a settlement in full, etc."; *Held,* that such
writing, especially if considered in connection with the accept-
ance referred to, constituted an express and unconditional promise
to pay the mortgage debt and an explicit acknowledgment of the
mortgage.

This is a CIVIL ACTION, tried before *Hoke, J.,* and a jury, at
Fall Term, 1894, of Chatham Superior Court, for the fore-
closure of the mortgage described in the complaint. Among
other defences the defendants pleaded the statute of limita-
tions.

The following issues were submitted to the jury:

" 1. Was plaintiff duly and properly appointed and quali-
fied as receiver of Ellington, Royster & Co. ?

" 2. Has there been a payment by defendant on the note
and mortgage at any time within ten years next before action
brought?

" 3. Has there been any binding acknowledgment in writ-
ing of said note and mortgage at any time within ten years
before action brought?

" 4. Has the note and mortgage been paid off?

" 5. What amount is still unpaid on claim ? "

To repel the statute of limitations, the plaintiff introduced
the following paper-writing, after having proved its execu-
tion by the parties thereto, viz.:

" F. M. Farrell pays Ellington, Royster & Co. $10 and
gives his acceptance for $350, payable on the 25th June at
Florence (Alabama) National Bank, in compromise of all
claims against him, Farrell guaranteeing that M. T. Arnold
did not ship Ellington, Royster & Co. any lumber through

him, and that said Arnold is not entitled to recover for any lumber shipped by him, Farrell, to said Ellington, Royster & Co., and said Ellington, Royster & Co., at the request of Farrell, postpones sale under mortgage until Tuesday, July 8, 1884. No further advertising is required by Farrell, and upon payment of said acceptance mortgage to be cancelled, and this to be a settlement in full except as to the above guarantee. The mill to be the property of Ellington, Royster & Co. June 4, 1884.          F. M. FARRELL,

ELLINGTON, ROYSTER & Co."

There was evidence, and it was admitted by plaintiff and defendants—

"1. That the property described in the mortgage had been advertised to be sold under the mortgage on the 7th day of June, 1884, and in pursuance of the above paper-writing the sale was postponed until July 8, 1884, the said acceptance not having been paid, and the property was bid off by Ellington, Royster & Co.;

"2. That the defendants F. M. Farrell and wife, have been in the continued possession of the property described in the mortgage ever since its execution;

"3. That the summons in this action was issued on April 14, 1894;

"4. That on June 4, 1884, Ellington, Royster & Co., claimed an account against defendant Farrell, growing out of the mill mentioned in the paper-writing, and defendant claimed to have made a payment of $200 on the mortgage in February, 1883, which plaintiff claimed was on the mill account."

The witness Ellington, for the plaintiff, testified that the $10 referred to in the above paper-writing was paid on the mortgage, and the defendant F. M. Farrell testified that the said $10 was paid for postponing the mortgage sale and the costs thereof.

His Honor instructed the jury that there was no evidence of·any binding acknowledgment in writing of said note and mortgage at any time within ten years next before action brought, and directed the jury to find the third issue " No," to which charge the plaintiff excepted.

There was a verdict and judgment for the defendants, from which the plaintiff appealed.

*Mr. H. A. London*, for plaintiff (appellant).
*Mr. T. B. Womack*, for defendants.

BURWELL, J.: The writing set out in the record seems to us to be an acknowledgment that the relation of mortgagor and mortgagee existed between the parties who signed it— that F. M. Farrell was at its date the mortgagor of Ellington, Royster & Co. The admission of the fact that that relation existed was, of course, an acknowledgment on Farrell's part that the debt secured by the mortgage had not been paid. It is, also, it seems to us, a promise to pay the mortgage debt. At the time this writing was signed the mortgagor gave to the mortgagee an acceptance for $350 (a sum that exceeded the mortgage debt), payable on a date fixed before the date to which the sale under the mortgage was postponed under the agreement, and it was therein stipulated that " upon payment of said acceptance " the mortgage should be cancelled. We think this writing, especially if considered in connection with the acceptance spoken of, constituted an express and unconditional promise to pay the mortgage debt and an explicit acknowledgment of the mortgage, and that there was error in the charge excepted to.

It was argued before us, that while a written acknowledgment of the debt would take it out of the operation of the statute of limitations, only a payment could have that effect on the right to foreclose a mortgage. A written acknowledgment is as effective in the one case as in the other.

*The Code* has not altered at all the effect of a new promise or acknowledgment. Section 172 (Lord Tenderden's Act) is merely a rule of evidence enacted to prevent fraud and perjury. The original statute of limitations (21 James I, ch. 16) had no provision as to new promises and acknowledgments. The Courts made the law on this subject, and made it apply to all causes of action that rested on a promise. Before the adoption of *The Code* proof of a promise or acknowledgment would rebut the presumption of the satisfaction of a mortgage, as is shown by numerous decisions. *Brown* v. *Becknall*, 5 Jones' Eq., 423; *Ray* v. *Pearce*, 84 N. C., 485; *Hughes* v. *Edwards*, 8 Wheat., 489; *Simmons* v. *Ballard*, 102 N. C., 105. And now the bar of our present statute of limitations may be overcome by proof of a promise or acknowledgment, but the proof must be in writing, unless the new promise be one that the law implies from a part payment. *Hill* v. *Hilliard*, 103 N. C., 34. New Trial.